UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER:

OCEAN TERRACE
CONDOMINIUM TRUST,
   Plaintiff
v.
GENERAL ELECTRIC COMPANY,
   Defendant

05 10075 PBS



## NOTICE OF REMOVAL

Defendant General Electric Company (hereinafter "GE"), by its undersigned counsel, files this Notice of Removal and states the following facts:

1.  The Plaintiff Ocean Terrace Condominium Trust filed a lawsuit against the Defendant GE on or about December 7, 2004, in the Superior Court of Essex County, Massachusetts.  The civil action number in said court is 2004-02198.

2.  The Plaintiff Ocean Terrace Condominium Trust is, on information and belief, a trust organized under the laws of the Commonwealth of Massachusetts and a citizen of Massachusetts for the purposes of the diversity jurisdiction of this court pursuant to 28 U.S.C. §1332.

3.  The Defendant GE is a corporation duly organized and existing under the laws of the State of New York with a principal place of business at 1 River Road,

-2-

Schenectedy, New York.   It is a citizen of the State of New York for the purpose of diversity jurisdiction pursuant to 28 U.S.C. §1332.

4.    The Plaintiff served a Summons and Complaint on the Defendant on December 30, 2004.

5.    This action is removable pursuant to 28 U.S.C. §1441.  The suit is of a civil nature and the nature and extent of the damages alleged therein demonstrate that the amount in controversy between the Plaintiff and the Defendant exceeds the sum of $75,000 exclusive of interest and costs.  This action is one over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332.

6.    The Defendant has attached as Exhibit A copies of all process, pleadings, papers and/or orders served upon GE in the suit pending in Essex Superior Court.

7.    The Defendant has served written notice of the filing of this Notice of Removal on the Plaintiff and has served a copy of this Notice of Removal on the Clerk of the Superior Court of Essex County.

8.    Defendant therefore prays that this action be removed to the United States District Court for the District of Massachusetts and that no further proceedings be had in

-3-

the Superior Court of Essex County, Massachusetts.

GENERAL ELECTRIC COMPANY,
By its Attorneys,

CURLEY & CURLEY P.C.

Robert A. Curley, Jr. Esq.
27 School Street
Boston   MA   02108
(617)  523-2990
BBO # 109180

## CERTIFICATE OF SERVICE

I, Robert A. Curley, Jr., hereby certify that I served a true copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Steven B. Stein, Esq.
Law Offices of Brian M. Cullen
100 Summer Street, Suite 201
Boston      MA   02110

Clerk for Civil Business
Essex Superior Court
34 Federal Street
Salem   MA   01970

Dated:    1/21/05

Robert A. Curley, Jr., Esq.
CURLEY & CURLEY P.C.
27 School Street
Boston   MA   02108
(617) 523-2990
BBO # 109180

CT System

Service of Process Transmittal Form

Boston, Massachusetts

12/30/2004

Via Federal Express (2nd Day)

TO: Karen Selavka
PO # 111-003702
Corporate Legal Department
3135 Easton Turnpike
Fairfield, CT 06431

JAN 0 3 2005

## RE: PROCESS SERVED IN MASSACHUSETTS

FOR     General Electric Company Domestic State: NY

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Ocean Terrace Codominium Trust, Pltf vs General Electric Company, Dft |
| 2. DOCUMENT(S) SERVED: | Summons, Complaint |
| 3. COURT: | Commonwealth of Massachusetts, Essex Superior Court Case Number 4 2198 |
| 4. NATURE OF ACTION: | Negligence resulting in personal injury |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Boston, Massachusetts |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 12/30/2004 at 14:30 |
| 7. APPEARANCE OR ANSWER DUE: | Within 20 Days |
| 8. ATTORNEY(S): | No address given |
| 9. REMARKS: | |

       i-Note sent 12/30/2004 to KAREN.SELAVKA@CORPORATE.GE.COM

| | |
|---|---|
| SIGNED | CT Corporation System |
| PER ADDRESS | Yvette Concepcion /AL 103 Federal Street Boston, MA 02110 SOP WS 0006883474 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* -  TORT  -  MOTOR VEHICLE TORT - CONTRACT  -  EQUITABLE RELIEF  -  OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.



SUPERIOR COURT
CIVIL ACTION
No. A 2198

Ocean Terrace Condominium Trust ......................................................., Plaintiff(s)

v.

General Electric Company ......................................................., Defendant(s)

## SUMMONS

To the above named Defendant:  General Electric Company

You are hereby summoned and required to serve upon _____ Steven B. Stein _____

plaintiff's attorney, whose address is _100 Summer St., Boston, MA 02110_ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_Salem_ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, **Barbara J. Rouse** , Esquire, at Salem, the 20th

day of December , in the year of our Lord two thousand four

_Thomas H. Driscoll Jr._

Clerk

<div style="writing-mode: vertical-rl">NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.</div>

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on_____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:            , 20     .            _____

N.B.    TO PROCESS SERVER:-
       PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

|  |
|---|
| , 20    . |

CM03/64

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-2198

Ocean Terrace Condominium Trust

Plaintiff(s)

v.

General Electric Company

Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO.

OCEAN TERRACE CONDOMINIUM TRUST            )
                    Plaintiff                            )
                                                         )        **COMPLAINT**
    v.                                                   )         Jury Claim
                                                         )
GENERAL ELECTRIC COMPANY,                   )
                    Defendant                            )
                                                         )

## PARTIES

1.  Plaintiff Ocean Terrace Condominium Trust ("Ocean Terrace") is a trust organized under Chapter 183A of the General Laws of Massachusetts, and is the owner of the premises at 2 Ocean Avenue, Magnolia, Essex County, Massachusetts.

2.  The defendant, General Electric Company, is a duly organized company incorporated in the state of New York and doing business in Massachusetts with offices at 125 Conant Street, Beverly, Essex County, Massachusetts.

## JURISDICTION

3.  The plaintiff's causes of action against the defendant arise from:

    a.  The defendant transacting business in the Commonwealth of Massachusetts;

    b.  The defendant contracting to supply services or things in the Commonwealth of Massachusetts;

    c.  The defendant causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

    d.  The defendant causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business, and engaging in other persistent courses of conduct, and deriving

substantial revenue from goods used or consumed or services
rendered in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

4.   On June 1, 2002, plaintiff owned and/or controlled the property commonly known
as 2 Ocean Avenue, Magnolia, Essex County, Massachusetts. ("Property"). The
Property is a three-story, 42-unit condominium building.

5.   Defendant was in the business of designing, engineering, manufacturing, selling
and putting into the stream of commerce, air conditioners.

6.   Condominium Unit 3A of the Property was equipped with a through-the-wall air
conditioner which was designed, engineered, manufactured, sold and put into the
stream of commerce by the defendant.

7.   On or about June 1, 2002, a fire originated in the air conditioner in Unit 3A. The
fire ignited combustible materials within and surrounding the air conditioner unit.
The fire spread throughout the premises and resulted in the total destruction of the
premises and monetary damages sustained by plaintiff.

8.   The defendant was negligent in the following, among other, ways:

   a.   Failure to use reasonable care in the design, engineering, testing and
   manufacture of the air conditioner;

   b.   Failure to use reasonable care at the time of sale in the warning of
   consumers of the hazards of the air conditioner;

   c.   Failure to use reasonable care after the sale in the warning of consumers of
   the hazards of the air conditioner;

   d.   Failure to use reasonable care to recall the air conditioner

9.   The defendant's negligence was a substantial cause of the fire and damages caused
by the fire.

10.  The subject air conditioner, which was designed, engineered, manufactured and/or
sold by the defendant, was defective and breached the implied warranty of
merchantability, G.L. ch. 106, sec. 2-314, in that it was not fit for the ordinary
purposes for which through-the-wall air conditioners are used. Defendant's
breach of the implied warranty caused the fire which is the subject of this
complaint.

## CAUSES OF ACTION

### COUNT ONE - NEGLIGENCE

11.  Plaintiff repeats and realleges the foregoing paragraphs as if expressly rewritten and set forth herein.

12.  As a direct and proximate result of the defendant's negligence, Plaintiff sustained major property damage and related damages.

WHEREFORE, plaintiff demands judgment against the defendant, General Electric Company, plus interest, costs and all further relief the Court deems just and proper.

### COUNT TWO - BREACH OF WARRANTY (SEC. 2-314)

13.  Plaintiff repeats and realleges the foregoing paragraphs as if expressly rewritten and set forth herein.

14.  As a direct and proximate result of defendant's breach of warranty, plaintiff sustained major property damage and related damages.

WHEREFORE, plaintiff demands judgment against the defendant, General Electric Company, plus interest, costs and all further relief the Court deems just and proper.

### COUNT THREE - CHAPTER 93A

15.  Plaintiff repeats and realleges the foregoing paragraphs as if expressly rewritten and set forth herein.

16.  The defendant's breaches of implied warranties, described above, constitute unfair and deceptive acts or practices in violation of Massachusetts General Law, Chapter 93A.

17.  As a result of the defendant's unfair and deceptive acts or practices, plaintiff sustained major property damage and related damages.

WHEREFORE, plaintiffs demand judgment against the defendant, General Electric Company, plus interest, costs and attorney's fees and demands that said amount awarded be trebled and all further relief the Court deems just and proper.

3

PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Plaintiff, Ocean Terrace Condominium by its
attorney

Steven B. Stein
Law Office of Brian M. Cullen
100 Summer Street, Suite 201
Boston, MA  02110
(617) 772-2800
BBO #478290

Dated:  December 6, 2004

4

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|

**PLAINTIFF(S)**
OCEAN TERRACE CONDOMINIUM TRUST

**DEFENDANT(S)**
GENERAL ELECTRIC COMPANY

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Steven B. Stein, Law Offices of
Thomas M. Niarchos, 100 Summer St.,
Boston, MA 02110 / 617-772-2800
Board of Bar Overseers number:  478290

**ATTORNEY (if known)**

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | ( A ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses .................................................... $..............
2. Total Doctor expenses ..................................................... $..............
3. Total chiropractic expenses ............................................... $..............
4. Total physical therapy expenses .......................................... $..............
5. Total other expenses (describe) .......................................... $..............

Subtotal $..............
Documented lost wages and compensation to date ............................... $..............
Documented property damages to date ......................................... $2,921,109.69
Reasonably anticipated future medical and hospital expenses .................. $..............
Reasonably anticipated lost wages ...........................................
Other documented items of damages (describe)

$..............

Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff's property sustained fire damage as a result of defendant's air conditioner which was negligently and defectively designed, manufactured and sold.

$..............
TOTAL $2,921,109.69

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____

DATE: _____

TC-6 mtc005-11/99
S.C. 1-2000

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2004-02198-A**

RE:    **Ocean Terrace Condominium Trust v General Electric Company**

TO: Steven B Stein, Esquire
Niarchos Law Office (Thomas M)
100 Summer Street
Suite 201
Boston, MA 02110

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/07/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/06/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/06/2005 |
| All motions under MRCP 15 filed | 03/02/2006 |
| All discovery requests and depositions completed | 01/26/2007 |
| All motions under MRCP 56 served and heard | 03/27/2007 |
| Final pre-trial conference held and firm trial date set | 07/25/2007 |
| Case disposed | 12/07/2007 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **A** sitting **in CtRm 2 -rear (Salem), Essex Superior Court.**

Dated: 12/07/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Judith Brennan
Assistant Clerk

Location: CtRm 2 -rear (Salem)
Telephone: (978) 744-5500 ext. 414

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

# Commonwealth of Massachusetts
## County of Essex
### The Superior Court

CIVIL DOCKET# **ESCV2004-02198-A**

RE:   **Ocean Terrace Condominium Trust v General Electric Company**

TO: Steven B Stein, Esquire
Niarchos Law Office (Thomas M)
100 Summer Street
Suite 201
Boston, MA 02110

### TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described below
must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/07/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/06/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/06/2005 |
| All motions under MRCP 15 filed | 03/02/2006 |
| All discovery requests and depositions completed | 01/26/2007 |
| All motions under MRCP 56 served and heard | 03/27/2007 |
| Final pre-trial conference held and firm trial date set | 07/25/2007 |
| Case disposed | 12/07/2007 |

The final pre-trial deadline is **not the scheduled date of the conference.**  You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**

This case is assigned to session **A** sitting **in CtRm 2 -rear (Salem), Essex Superior Court.**

Dated: 12/07/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Judith Brennan
Assistant Clerk

Location: CtRm 2 -rear (Salem)
Telephone: (978) 744-5500 ext. 414

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior
Court at (617) 788-8130**

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

| CIVIL ACTION COVER SHEET | DOCKET NO.(S)<br>4  2198 | Trial Court of Massachusetts<br>Superior Court Department<br>County:  Essex |
|---|---|---|

| PLAINTIFF(S)<br>OCEAN TERRACE CONDOMINIUM TRUST | DEFENDANT(S)<br>GENERAL ELECTRIC COMPANY |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Steven B. Stein, Law Offices of<br>Thomas M. Niarchos, 100 Summer St.,<br>Boston, MA 02110 / 617-772-2800<br>Board of Bar Overseers number: 478290 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | ( A ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date
- 1. Total hospital expenses ................................................. $............
- 2. Total Doctor expenses .................................................. $............
- 3. Total chiropractic expenses ............................................ $............
- 4. Total physical therapy expenses ...................................... $............
- 5. Total other expenses (describe) ....................................... $............

Subtotal $............

B. Documented lost wages and compensation to date ........................... $............
C. Documented property damages to date ..................................... $2,921,109.69.
D. Reasonably anticipated future medical and hospital expenses ............... $............
E. Reasonably anticipated lost wages ....................................... $............
F. Other documented items of damages (describe)

$............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff's property sustained fire damage as a result of a
defendant's air conditioner which was negligently and
defectively designed, manufactured and sold.

$............
TOTAL $2,921,109.69.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY ATTEST

DEPUTY ASST. CLERK

TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: _____

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
### INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | | |
|---|---|---|---|---|---|---|---|---|
| A1 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| A2 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | E03 | Action against Commonwealth | |
| A3 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | | Municipality, G.L. c.258 | (A) |
| A8 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | E05 | All Arbitration | (X) |
| A2 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E07 | c.112,s.12S (Mary Moe) | (X) |
| A9 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E08 | Appointment of Receiver | (X) |
| | **TORT** | | | **EQUITABLE REMEDIES** | | E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| B3 | Motor Vehicle negligence-personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | E11 | Workman's Compensation | (X) |
| B4 | Other negligence-personal injury/property damage | (F) | D02 | Reach and Apply | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| | | | D06 | Contribution or Indemnification | (F) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B5 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E16 | Auto Surcharge Appeal | (X) |
| B6 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B7 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E18 | Foreign Discovery proceeding | (X) |
| B8 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E96 | Prisoner Cases | (F) |
| B15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E97 | Prisoner Habeas Corpus | (X) |
| B19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E99 | Other (Specify) | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | | | |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

**COMMONWEALTH OF MASSACHUSETTS**

**4 2198**

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO.

OCEAN TERRACE CONDOMINIUM TRUST )
      Plaintiff )
                    )
                    )
v.                     )
                    )
GENERAL ELECTRIC COMPANY, )
      Defendant )
                    )

**COMPLAINT**
Jury Claim

### PARTIES

1.    Plaintiff Ocean Terrace Condominium Trust ("Ocean Terrace") is a trust organized under Chapter 183A of the General Laws of Massachusetts, and is the owner of the premises at 2 Ocean Avenue, Magnolia, Essex County, Massachusetts.

2.    The defendant, General Electric Company, is a duly organized company incorporated in the state of New York and doing business in Massachusetts with offices at 125 Conant Street, Beverly, Essex County, Massachusetts.

### JURISDICTION

3.    The plaintiff's causes of action against the defendant arise from:

        a.    The defendant transacting business in the Commonwealth of Massachusetts;

        b.    The defendant contracting to supply services or things in the Commonwealth of Massachusetts;

        c.    The defendant causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

        d.    The defendant causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business, and engaging in other persistent courses of conduct, and deriving


TRUE COPY, ATTEST

DEPUTY ASST. CLERK

substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

4. On June 1, 2002, plaintiff owned and/or controlled the property commonly known as 2 Ocean Avenue, Magnolia, Essex County, Massachusetts. ("Property"). The Property is a three-story, 42-unit condominium building.

5. Defendant was in the business of designing, engineering, manufacturing, selling and putting into the stream of commerce, air conditioners.

6. Condominium Unit 3A of the Property was equipped with a through-the-wall air conditioner which was designed, engineered, manufactured, sold and put into the stream of commerce by the defendant.

7. On or about June 1, 2002, a fire originated in the air conditioner in Unit 3A. The fire ignited combustible materials within and surrounding the air conditioner unit. The fire spread throughout the premises and resulted in the total destruction of the premises and monetary damages sustained by plaintiff.

8. The defendant was negligent in the following, among other, ways:

    a. Failure to use reasonable care in the design, engineering, testing and manufacture of the air conditioner;

    b. Failure to use reasonable care at the time of sale in the warning of consumers of the hazards of the air conditioner;

    c. Failure to use reasonable care after the sale in the warning of consumers of the hazards of the air conditioner;

    d. Failure to use reasonable care to recall the air conditioner

9. The defendant's negligence was a substantial cause of the fire and damages caused by the fire.

10. The subject air conditioner, which was designed, engineered, manufactured and/or sold by the defendant, was defective and breached the implied warranty of merchantability, G.L. ch. 106, sec. 2-314, in that it was not fit for the ordinary purposes for which through-the-wall air conditioners are used. Defendant's breach of the implied warranty caused the fire which is the subject of this complaint.

2

## CAUSES OF ACTION

### COUNT ONE - NEGLIGENCE

11.   Plaintiff repeats and realleges the foregoing paragraphs as if expressly rewritten and set forth herein.

12.   As a direct and proximate result of the defendant's negligence, Plaintiff sustained major property damage and related damages.

WHEREFORE, plaintiff demands judgment against the defendant, General Electric Company, plus interest, costs and all further relief the Court deems just and proper.

### COUNT TWO – BREACH OF WARRANTY (SEC. 2-314)

13.   Plaintiff repeats and realleges the foregoing paragraphs as if expressly rewritten and set forth herein.

14.   As a direct and proximate result of defendant's breach of warranty, plaintiff sustained major property damage and related damages.

WHEREFORE, plaintiff demands judgment against the defendant, General Electric Company, plus interest, costs and all further relief the Court deems just and proper.

### COUNT THREE – CHAPTER 93A

15.   Plaintiff repeats and realleges the foregoing paragraphs as if expressly rewritten and set forth herein.

16.   The defendant's breaches of implied warranties, described above, constitute unfair and deceptive acts or practices in violation of Massachusetts General Law, Chapter 93A.

17.   As a result of the defendant's unfair and deceptive acts or practices, plaintiff sustained major property damage and related damages.

WHEREFORE, plaintiffs demand judgment against the defendant, General Electric Company, plus interest, costs and attorney's fees and demands that said amount awarded be trebled and all further relief the Court deems just and proper.

PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Plaintiff, Ocean Terrace Condominium by its
attorney

Steven B. Stein
Law Office of Brian M. Cullen
100 Summer Street, Suite 201
Boston, MA  02110
(617) 772-2800
BBO #478290

Dated:  December 6, 2004

4

01/10/2005  02:13:49 PM    ElectricInsuranceCo    ElectricInsuranceCo    Page 11

# Commonwealth of Massachusetts
## County of Essex
### The Superior Court

CIVIL DOCKET# **ESCV2004-02198-A**

RE:   Ocean Terrace Condominium Trust v General Electric Company

TO:Steven B Stein, Esquire
    Niarchos Law Office (Thomas M)
    100 Summer Street
    Suite 201
    Boston, MA 02110

### TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described below
must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/07/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/06/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/06/2005 |
| All motions under MRCP 15 filed | 03/02/2006 |
| All discovery requests and depositions completed | 01/26/2007 |
| All motions under MRCP 56 served and heard | 03/27/2007 |
| Final pre-trial conference held and firm trial date set | 07/25/2007 |
| Case disposed | 12/07/2007 |

The final pre-trial deadline is **not the scheduled date of the conference.**  You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**

This case is assigned to session A sitting in CtRm 2 -rear (Salem), Essex Superior Court.

Dated: 12/07/2004                                    Thomas H. Driscoll Jr.
                                                     Clerk of the Courts

                                                     BY: Judith Brennan
Location: CtRm 2 -rear (Salem)                       Assistant Clerk
Telephone: (978) 744-5500 ext. 414

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior
Court at (617) 788-8130

**A TRUE COPY ATTEST**
**DEPUTY ASST. CLERK**

**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

December 31, 2004
I hereby certify and return that on 12/30/2004 at 2:30PM I served a true and
attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this
action in the following manner: To wit, by delivering in hand to A.Liberto,Process
Clerk & agent in charge at time of service, for General Electric Company, at ,
C/O CT Corporation Systems, 101 Federal Street Boston, MA. Basic Service Fee (IH)
($30.00), Travel ($13.12), Postage and Handling ($1.00), Attest/Copies ($5.00)
Total Charges $49.12

*John Cotter*
*Deputy Sheriff*

Deputy Sheriff    John Cotter

Dated.         , 20  .

N.B.    TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

, 20  .

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 04-2198

ESSEX, ss.

Ocean Terrace Condominium Trust

Plaintiff(s)

v.

General Electric Company

Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

A TRUE COPY, ATTEST
DEPUTY ASST. CLERK