8/2/2006  Duquenoy, Gordon

```
1                IN THE UNITED STATES DISTRICT COURT
2                 FOR THE DISTRICT OF MASSACHUSETTS
3                   CIVIL ACTION NO. 0510075PB5
4
5       OCEAN TERRACE CONDOMINIUM TRUST,       )
6                 Plaintiff,                   )
7            vs.                               )
8       GENERAL ELECTRIC COMPANY,              )
9                 Defendant.                   )
10
11              The deposition of GORDON DUQUENOY,
12      called for examination, taken pursuant to the
13      Federal Rules of Civil Procedure of the United
14      States District Courts pertaining to the taking
15      of depositions, taken before ANNETTE M. MONTALVO,
16      a Notary Public within and for the Commonwealth
17      of Massachusetts, and a Registered Merit Reporter
18      of said state, at 27 School Street, Boston,
19      Massachusetts, on the 2nd day of August, A.D.
20      2006, at 9:00 a.m.
21
22
23
24
```



PLAINTIFF'S EXHIBIT 18

8/2/2006  Duquenoy, Gordon

1     Q.    Are those here today?
2     A.    No, at the time it was -- our policy
3    was to transcribe all your notes into your
4    report, and then we didn't keep notes.
5     Q.    So the notes have been thrown out?
6     A.    And that was consistent with every
7    fire, not just this fire.
8     Q.    I understand.
9           But the notes no longer exist?
10    A.    The handwritten notes I had no longer
11   exist.
12    Q.    And were they thrown out in September
13   of 2002 at the time you prepared your initial
14   report?
15    A.    I would say after I prepared my initial
16   report and it was approved by my supervisor.  At
17   that time, they would have been discarded.
18    Q.    Had you ever been told to retain
19   matters of evidentiary value?
20    A.    Only if you couldn't transcribe it into
21   your report.
22    Q.    Did you understand that as a fire
23   investigator for Travelers that you had certain
24   obligations to preserve evidence?

8/2/2006  Duquenoy, Gordon

```
1      A.    Yes.
2      Q.    What did you understand your
3   obligations were?
4      A.    To preserve all evidence that were
5   pertinent to the case.
6      Q.    Would you also preserve evidence that
7   others might think was pertinent to the case?
8      A.    Yes.
9      Q.    Who was your supervisor at the time?
10     A.    Andrew Fardui.
11     Q.    Is he still your supervisor?
12     A.    Yes.
13     Q.    How do you spell his last name?
14     A.    F-a-r-d-u-i.
15     Q.    And is he at Travelers lab in Windsor,
16  Connecticut?
17     A.    He is not.  He works out of his house
18  in Bridgeport, Connecticut.
19     Q.    How did you first learn about the fire
20  at Ocean Terrace Condominium building?
21     A.    I got a call from one of our claims rep
22  who was manning the hotline over the weekend, and
23  he informed me of the fire.
24     Q.    Do you know who that claim rep was?
```

84