UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10075 PBS

OCEAN TERRACE CONDOMINIUM TRUST,

vs.

GENERAL ELECTRIC COMPANY

**DEFENDANT GENERAL ELECTRIC COMPANY'S OBJECTIONS TO PLAINTIFF'S RULE 26(A)(3) DISCLOSURE**

Objections To Witnesses:

Defendant's objections to Evan K. Haynes, W. Joseph Fallows and Scott A. Jones as witnesses will be set forth in separate motions.

Objections to Proposed Exhibits

Defendant's objections to Plaintiff's proposed exhibits will be made by referring to the numbers used by Plaintiff to list proposed exhibits.

3.      Defendant objects to this proposed exhibit. No known witness has knowledge of the pre-fire condition of the portion of the rear grille shown. The rear grille is not for the subject wall sleeve. There is no foundation to establish that the subject wall sleeve bore any substantial identity to the wall sleeve in the photo at any time and there is no foundation with respect to

the history of the portion of this rear grille shown in this photo. The photograph is not relevant and its admission is likely to result in substantial prejudice to the Defendant as opposed to any probative value.

4. Defendant has no objection to DeFelice Exhibits 5 through 10. Defendant objects to DeFelice Exhibit 11 which does not show any relevant portion of the premises and Defendant is not aware of any known foundation which would provide any probative value with respect to said photograph.

5. Defendant objects to portions of Chipperini Exhibit 12 which contain inadmissible hearsay, lack foundation including but not limited to personal knowledge, and which involve speculation. The portions of the report to which the Defendant objects include the following:

    a. The estimated loss.

    b. References to smoke inhalation by firefighters and injuries to firefighters.

    c. Hearsay statements of Michael Chipperini and Steve Cooney incorporated into the report. Both of these individuals are expected to be witnesses.

    d. Hearsay statements of unidentified police and "991" (sic) callers.

7. Defendant objects to those portions of Cooney Exhibit 16 which contain hearsay and totem pole hearsay including:

    a. all statements attributed to Captain Hobbs, Michael

Chipperini and Steve Cooney

    b.    irrelevant references to the Travelers investigation and the clear-out of tenant possessions.

    c.    hearsay statements and speculation that possible fire scenarios contained in the notes of 6/11/02 including other speculation of "Evan" and "Gordon".

    d.    The Items to be Repair for fire department equipment are irrelevant.

    e.    The notes on the last page are irrelevant and contain inadmissible hearsay.

9.    Hobbs Exhibit 18 is a "chalk" without evidentiary significance unless subject to live testimony and explanation by the witness.

12.    Defendant objects to the admissibility of the photograph marked McKay Exhibit 27 because it does not show the subject wall sleeve. The photograph shows the irrelevant post-fire state of an air conditioner together with a rear grille removed and placed in proximity to the wall sleeve by some unknown person. There is no pre-accident or post-accident foundation covering the history of this wall sleeve and rear grille. There is no foundation whatsoever which would permit a comparison of the post-fire condition of this grille and wall sleeve with the pre-fire condition of the grille and wall sleeve in Unit 3A at the time when the grille and hardware in issue became missing.

13.    The photograph marked McKay Exhibit 29 is irrelevant to the issues

3

in this case. It shows an irrelevant portion of the building which was subject to demolition activities.

14. The photograph is irrelevant. It shows the opposite side of the building from Unit 3A at an unspecified time during fire fighting efforts. The Defendant is not aware of any foundation which would make this photograph relevant.

15. Defendant objects to the portions of the report which contain inadmissible hearsay including:

    a. The section entitled "Witness Statements."

16. The statement of Judy Andonian is inadmissible hearsay.

17. The statement of Catherine Hull is inadmissible hearsay.

18. The statement of Mark DiFelice's inadmissible hearsay.

19. The newscast is hearsay. The video of the fire in progress lacks any relevance to the issues in this absent proper foundation of which Defendant is not aware.

20. The notes of the Ronda Ziner interview are inadmissible hearsay.

24. Welch Exhibit 51 is improperly described as a "photograph." it is an inadmissible hearsay report of one of Plaintiff's employees. Welch Exhibit 52 is an irrelevant photo of post-fire demolition. Welch Exhibit 29 is an irrelevant photo of the rebuilt Ocean Terrace Condominiums.

27. The Photograph marked Exhibit 64 at the Moore deposition is a post-fire photograph of the back of an air conditioner and wall sleeve which is not the subject unit. There is no known pre-fire or post-fire history of this

unit and no known foundation which would make it relevant to the issues in this case. There is no known foundation which would permit any comparison between the post-fire conditions in the photograph and the post-fire condition of the wall sleeve and rear grille in issue when a rear grille was present.

34. Defendant objects to the blanket reference to hundreds of photographs and reserves its right to object to any photographs which Plaintiff may designate on an individual basis as exhibits. Multiple photographs so designated have no relevance to the issues in this case.

35. Ziner Exhibit 77 are post-fire amendments to the Condominium documents which are not relevant.

39. The report of Plaintiff's "expert" Joseph Fallows is inadmissible hearsay. Mr. Fallows lacks sufficient qualifications to provide the opinions expressed. The opinions offered by Mr. Fallows are based on a non-existent and erroneous foundation. The opinions fail to meet the requirements of Fed. R. Evid. R. 702, 703.

40. Defendant objects to the blanket designation of photographs "referenced" in a deposition. Defendant reserves the right to object to any individual photograph if and when it is properly designated. Defendant objects to photographs which show irrelevant areas of the building in issue and objects to photographs which show air conditioners, wall sleeves, rear grilles, or associated hardware which do not pertain to the subject product and which lack any foundation of a product history or use sufficient to

establish any relevance.

41. The report of Plaintiff's expert Evan Haynes is inadmissible hearsay. The opinions offered by Mr. Haynes are based on a non-existent and erroneous foundation. The opinions fail to meet the requirements of Fed. R. Evid. R. 702, 703.

42. Defendant objects to the designation of the entire content of a 3 ring binder as an Exhibit. The binder contains irrelevant documents, hearsay, unauthenticated documents, and a report which is hearsay, lacks adequate foundation and fails to comply with Fed. R. Evid. R. 702, 703. Defendant does not object to the photographs of the subject wall sleeve and surrounding areas contained in Ms. Haynes file and expects to introduce those photographs into evidence itself.

43. The sketch is inadmissible hearsay with an erroneous and/or non-existent foundation.

44. Defendant objects to the "so-called" Nortu Jappah case file. Defendant objects to the blanket designation of multiple documents. There is no witness with personal knowledge expected to testify about any events related to this file which could considerably provide any basis for admission of this file. The Nortu Jappah file relates to a fire which occurred subsequent to the fire in issue allegedly due to an electrical malfunction inside a motor with dramatically different damage to the air conditioner unit. There is no foundation that the circumstances of this fire can be shown by anyone with personal knowledge to have any substantial similarity to the fire

in issue. The likelihood of prejudice greatly outweighs any probative value of this file and will place multiple extraneous issues before the jury.

45.  Defendant objects to this file as irrelevant hearsay pertaining to physical objects with no known pre-fire or post-fire history sufficient to provide any foundation for admissibility. There is no appropriate authentication of any such materials.

46.  Defendant objects to this file as irrelevant hearsay pertaining to physical objects with no known pre-fire or post-fire history sufficient to provide any foundation for admissibility. There is no appropriate authentication of any such materials.

47.  The X-rays pertain to testing on a so-called exempler" circuit breaker. There is no foundation that any such testing bears any substantial similarity to any conditions present at the time of the fire. There is no showing of relevance or any probative value of the X-rays.

48.  The content of the folder is inadmissible hearsay without any proper foundation.

49.  The report of Plaintiff's fire investigator is inadmissible hearsay and contains inadmissible totem pole hearsay. The Defendant has no objection to the photographs of the air conditioner in issue, the wall sleeve in issue or the surrounding areas which Defendant also anticipates introducing into evidence.

50.  The notes are inadmissible hearsay and contain inadmissible totem pole hearsay. There is no proper foundation for the admission of the notes.

51. The Power Point presentation is inadmissible hearsay and contains inadmissible totem pole hearsay. There is no proper foundation for the admission of the notes.

52. The Certificates are irrelevant and inadmissible hearsay.

53. Defendant cannot determine from this designation what content or contents of the folder Plaintiff intends to offer. The Defendant objects to hearsay materials, irrelevant materials and materials which lack any sufficient foundation to have evidentiary value.

54. Defendant objects to the blanket designation of hundreds of photographs. Many of the photographs lack any relevance to the issues to be tried. Photographs may lack foundation on an individual basis. Defendant reserves the right to object to individual photographs if they are ever properly designated.

57. The notes are inadmissible hearsay.

58. The photos lack any relevance unless there is a foundation concerning the time when they were taken of which Defendant is not aware.

59. There is no foundation to relate weather records from Beverly, MA to Goucester, MA. The Defendant is not able to identify the photographs referred to and reserves it right to object.

60. The photographs are irrelevant except with respect to any photographs of Unit 3A.

61. At this time Defendant is not aware of any foundation for offering photos as evidence of "fire progression."

62.     Defendant does not have a copy of this exhibit and reserves the right to object.

63.     Defendant does not have a copy of this exhibit and reserves the right to object.

64.     The timeline is hearsay without foundation. The photograph is irrelevant.

65.     The excerpts are inadmissible hearsay. The opinions contained in the excerpts do not meet the criteria of Fed. R. Evid. R. 702, 703.

66.     The photograph is of an irrelevant area of the building.

67.     The photograph is of an irrelevant non-GE air conditioner in Unit 3B.

68.     The photograph is of an irrelevant non-GE air conditioner in Unit 3B.

69.     The photograph is of an irrelevant non-GE air conditioner in Unit 3B.

70.     The Rule 26 Disclosure of Scott Jones is inadmissible hearsay. Mr. Jones lacks qualifications with respect to the opinions expressed in whole or in part. The content of the disclosure fails to meet the requirements of Fed. R. Evid. R. 702, 703.

71.     Irrelevant and moot. Defendant has agreed on the difference in the fair market value before and after the fire. The structure was not repaired. it was demolished.

72.     Irrelevant and moot. Defendant has agreed on the difference in the

fair market value before and after the fire. The structure was not repaired. it was demolished. The document is inadmissible hearsay without foundation.

73.     Irrelevant and moot. Defendant has agreed on the difference in the fair market value before and after the fire. The structure was not repaired. it was demolished. The document is inadmissible hearsay without foundation.

74.     The photographs are irrelevant.

75.     The report of Mr. Sarcione is inadmissible hearsay and irrelevant.

76.     The Valox Design Guide is irrelevant. There is no proper foundation. The evidence has unequivocally established that Valox was not in existence when the wall sleeve in issue was made.

77.     The documents are inadmissible hearsay and irrelevant.

78.     The photos are irrelevant. In the absence of a foundation of pre-fire and post-fire history of the materials shown which are not from the unit in issue, the photographs have no probative value. There is no basis for comparing these photos with the non-existent hardware and grille for the air conditioner in issue.

79.     The articles are inadmissible hearsay and irrelevant.

80.     The email and attachments are inadmissible hearsay and irrelevant.

81.     The notes are inadmissible hearsay.

82.     The notes and documents are inadmissible hearsay and irrelevant.

The notes contain inadmissible totem pole hearsay.

83. The article is inadmissible hearsay and irrelevant. It was published long after the design and sale of the products in issue and after the fire.

87. Defendant objects to the notes admissibility on relevance grounds because they pertain to grommets from units other than the air conditioner in issue and there is no foundation of any pre-fire or post-fire history of these parts which provide any sufficient foundation to establish any probative value. It is not possible to compare these pieces with non-existent materials from Unit 3A.

104. The article designated is inadmissible hearsay and irrelevant.

105. The article designated is inadmissible hearsay and irrelevant.

106. The materials referred to are inadmissible hearsay, irrelevant and without foundation.

107. The materials referred to are inadmissible hearsay, irrelevant and without foundation.

108. The document referenced is inadmissible hearsay, irrelevant and without foundation. It fails to meet the criteria of Fed. R. Evid. Rules 702, 703.

109. Defendant objects to physical evidence as an "exemplar" without a proper foundation including pre-fire and post-fire history of the so-called exempler. Defendant objects to any offer of evidence of an exempler of the missing evidence of the rear grille and hardware from the wall sleeve in issue because no comparison can be made.

110.    The materials referred to are inadmissible hearsay, irrelevant and without foundation.

111.    Defendant objects to the materials designated absent a proper foundation of the pre-fire and post-fire history of the materials in issue sufficient to establish relevance. Defendant objects because no comparison can be made to the missing hardware and grille for the wall sleeve in issue.

112.    Defendant objects to physical evidence as an "exemplar" without a proper foundation including pre-fire and post-fire history of the so-called exemplar. Defendant objects to any offer of evidence of an exempler of the missing evidence of the rear grille and hardware from the wall sleeve in issue because no comparison can be made.

113.    The materials are irrelevant hearsay.

114.    The materials are irrelevant hearsay.

116.    The standard is irrelevant hearsay and was not in existence at the time of the design, manufacture and sale of the wall sleeve in issue.

118.    The document is inadmissible hearsay.

119.    If the Plaintiff identifies relevant portions of GE's Answer to Interrogatories they may be read to the jury. The Answers are not admissible as an exhibit and contain irrelevant matters.

120.    GE has no objection to the introduction into evidence of relevant materials it produced but cannot tell from this designation what Plaintiff intends to offer into evidence.

121.    The certificates are inadmissible hearsay.

125. Defendant objects to the introduction into evidence of an air conditioner and wall sleeve which are not the subject air conditioner and wall sleeve in issue and where there is no known foundation of any pre-fire or post-fire history of these items which could provide any probative value. There is no basis for any comparison of these items with the air conditioner in issue or the missing grille and hardware from the air conditioner in issue.

126. If this is the material which surrounded the wall sleeve in issue there is no objection. If some other material is being designated GE reserves the right to object.

127. Defendant objects to the introduction into evidence of an air conditioner and wall sleeve which are not the subject air conditioner and wall sleeve in issue and where there is no known foundation of any pre-fire or post-fire history of these items which could provide any probative value. There is no basis for any comparison of these items with the air conditioner in issue or the missing grille and hardware from the air conditioner in issue.

129. Defendant objects to the introduction into evidence of an air conditioner and wall sleeve which are not the subject air conditioner and wall sleeve in issue and where there is no known foundation of any pre-fire or post-fire history of these items which could provide any probative value. There is no basis for any comparison of these items with the air conditioner in issue or the missing grille and hardware from the air conditioner in issue.

141. Defendant objects to the notes admissibility on relevance grounds because they pertain to grommets from units other than the air conditioner

in issue and there is no foundation of any pre-fire or post-fire history of these parts which provide any sufficient foundation to establish any probative value. It is not possible to compare these pieces with non-existent materials from Unit 3A.

142.    Defendant objects to the notes admissibility on relevance grounds because they pertain to grommets from units other than the air conditioner in issue and there is no foundation of any pre-fire or post-fire history of these parts which provide any sufficient foundation to establish any probative value. It is not possible to compare these pieces with non-existent materials from Unit 3A.

143.    Defendant cannot identify this photograph and reserves its right to object.

144.    Defendant cannot identify this document and reserves its right to object.

145.    This is a duplicate of item 75 and Defendant incorporates its prior objection.

146.    This is a duplicate of item 70 and Defendant incorporates its prior objection.

147.    This is duplicative of item 42 and Defendant incorporates its prior objection.

148.    GE does not have documents with such designations and reserves its right to object when they are identified.

Photographs:

With respect to the thousands of photographs referred to by Plaintiff, the Defendant has previously stated objections to various items of photographic evidence which Plaintiff identified in the foregoing paragraphs and incorporates those objections with respect to Plaintiff's unspecified offer of photographs. When specific photographs are identified by Plaintiff Defendant expects that it may make objections based on relevance and lack of foundation.

With respect to the "Jappah" photos Defendant incorporates by reference its objection to item 44.

                                      Respectfully submitted,

                                      **CURLEY & CURLEY, P.C.**

                                      Robert A. Curley, Jr., Esq.
                                      BBO# 109180
                                      27 School Street, 6th Floor
                                      Boston, MA  02108
                                      (617) 523-2990

Dated: 11/7/07

## CERTIFICATE OF SERVICE

I, Robert A. Curley, Jr., Esq., hereby certify that I served a true copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Paul T. Falk, Esq.
Falk Johnson LLC
20 South Clark Street
Suite 1990
Chicago, IL   60603

Steven B. Stein, Esq.
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA   02110

Ronald W. Harmeyer, Esq.
Falk Johnson, LLC
Bank One Plaza
111 East Wisconsin Avenue
Suite 1370
Milwaukee, WI   53202

Dated: 11/7/07

Robert A. Curley, Jr., Esq.

16