UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10075 PBS

OCEAN TERRACE CONDOMINIUM
TRUST,                    Plaintiffs

vs.

GENERAL ELECTRIC COMPANY
                          Defendant

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION IN LIMINE REGARDING SPOLIATION OF EVIDENCE**

Defendant General Electric Company hereby submits this Memorandum of

Law in Support of its Motion in Limine Regarding Spoliation of Evidence.

I.    **Procedural and Factual Background:**

The Plaintiff in this case is seeking to recover for a property loss at the

Ocean Terrace Condominiums in Gloucester, MA which was paid for by Travelers,

Inc., Co..  It is the opinion of the Plaintiff's cause and origin expert Evan Haynes,

who at all relevant times was acting as a Travelers employee, that the first thing to

ignite outside of the air conditioning sleeve was the 2x4 framing on top of the

sleeve.  (Deposition of Evan Haynes, pertinent portions of which are attached

hereto as Exhibit A, pp. 155-156) .[1]  The 2x4 framing on top of the sleeve was in existence when Haynes saw the fire scene.  (Exhibit A, pp. 156-157).  The framing around the sides and bottom of the sleeve was preserved (Exhibit A, pp. 156-157).  The framing on top of the sleeve was not preserved (Exhibit A, pp. 156-157).  Immediately after the fire Haynes knew that Travelers insured the building and was going to pay for the loss (Exhibit A, pp. 157-158).  In his words, "it is our building."  Exhibit A, pp. 157-158).  Haynes knew that Travelers could bring a subrogation lawsuit and it was his primary job to determine if someone should be sued.  (Exhibit A, p. 158).  He knew it was important to preserve evidence and that the standard which addresses fire investigation, NFPA 921, addresses the preservation of evidence.  (Exhibit A, p. 158).  Haynes and Gordon Duquenoy, a Travelers fire investigator, knew that GE was going to be put on notice and would want to see the framing on top of the sleeve.  (Exhibit A, pp. 158-159).  Travelers attorney, Steve Stein, was notified "to make sure the town" did no damage to the area Travelers thought was the origin (Exhibit A, p. 159-160).  Before GE's cause and origin expert Donald Hoffman got to the scene, the wood on top of the wall sleeve was missing but not other framing or sheathing around the wall sleeve!  (Exhibit A, p. 159).  Photographs of the framing on top of the wall sleeve were taken by Travelers and are attached as Exhibit B.  There were four 2x4's on top of the wall sleeve with a channel between them (Exhibit A, pp. 163-164).  There was also remains of a rain/snow type paper on top of the wall sleeve.  (Exhibit A, pp. 165-166).  This paper is gone!  Haynes agreed that the 2x4's were consumed from the top down

---

[1] The Plaintiff's claims concerning the origin of the fire are disputed both by GE and by the Conclusions of the State Fire Marshall.

and between the boards in the channel (Exhibit A, pp. 170-171).  The photographs do not reveal all surfaces of the wood either in the channel (Exhibit A, pp. 174-175) or next to the air conditioner unit itself.

Gordon Duquenoy testified that he understood as a fire investigator for Travelers that he had an obligation to preserve all evidence pertinent to the case (Deposition of Gordon Duquenoy, pertinent portions of which are attached hereto as Exhibit C, pp 83-84).

In this case Travelers owned and controlled the fire scene.  It managed to preserve all of the unburned materials below and on both sides of the air conditioner wall sleeve but inexplicably lost the pieces of wood and membrane on top of the air conditioner which it claims first ignited!  The photographs reveal that these pieces of wood were substantially intact and unburned where they contacted the air conditioner wall sleeve.  If they existed they would demonstrate to the jury that wood directly in contact with the wall sleeve did not burn and was white in color and that the wood pieces burned from a fire that attacked them from above and from the right!  They were not attacked from any fire in the air conditioner.  The loss of this physical evidence is unmistakably prejudicial to the defense of General Electric Company.  Despite overt knowledge of its obligation to preserve evidence Travelers spoliated evidence critical to the defense of GE.

## II.   ARGUMENT

"To obtain relief for spoliation of evidence by an opposing expert or party, the moving party must demonstrate 1) that there was a negligent or intentional loss or destruction of physical evidence, 2) that the expert or party was aware that there

was a potential for litigation, and that the physical evidence was material to that litigation, and 3) that the loss or destruction of the evidence created prejudice to the moving party. Linnen v. A.H. Robins Company, Inc., 11 Mass. L. Rep. 16 at 9 (Mass. Super. 1999) citing Nally v. Volkswagen of America, 405 Mass. 191, 197 (1989) and Bolton v. Massachusetts Bay Transportation Authority, 32 Mass. App. Ct. 654, 656 (1992).

**A.     The Conduct Of  Plaintiff Constitutes Intentional Spoliation of Critical Evidence.**

Under Massachusetts law, persons involved in litigation or know that they will likely be involved in litigation have a duty to preserve evidence for use by others who will also be involved in that litigation. Keene v. Brigham & Women's Hospital, Inc., 439 Mass. 223, 224-245 (2003); Fletcher v. Dorchester Mutual Insurance Co., 437 Mass. 544, 549-550 (2002). The doctrine of spoliation applies when a potential party or its expert destroys evidence at a time when it knows, or should know, of the possibility of a lawsuit." Keene, 439 Mass. at 244-245; Fletcher, 437 Mass. at 550.

Notwithstanding Plaintiff's almost three year delay in actually filing this lawsuit, the potential for litigation was obvious at all times to Plaintiff and its experts, as they admit. They also admit knowing of a duty to preserve evidence and the importance of the evidence lost.

The doctrine of spoliation is applicable here despite the destruction of evidence occurring prior to suit being instituted, as "once a 'litigant or its expert knows or reasonably should know that the evidence might be relevant to a possible action,' we have imposed a duty to preserve such evidence in the interests of

4

fairness." <u>Fletcher</u>, 437 Mass. at 550. Plaintiffs' failure to preserve the key physical evidence and failure to provide a potential Defendant with an opportunity to inspect, photograph and test such evidence before its destruction constitutes at least negligent, if not intentional spoliation of evidence.

**B.    Defendant Has Suffered Unfair, Severe And Incurable Prejudice By Virtue Of The Spoliation Of Critical Evidence By Plaintiff.**

Neither the Defendant nor its experts had any opportunity to inspect the wood on top of the air conditioner unit which was substantially intact after the fire. This wood would have dramatically revealed that the air conditioner was not the cause of the fire. The wood which supposedly initially ignited was directly relevant to the defense of this case and interests of the Defendant. Travelers which owned the building could have easily preserved the wood and membrane but took no steps to do so.

Plaintiff's conduct has directly deprived the Defendant from establishing that the fire did not have its origin in the area of the air conditioner through the loss of physical evidence.

**C.    Preclusion of Plaintiff's Expert Testimony and Dismissal of this Case is the Just and Appropriate Remedy.**

"Sanctions may be appropriate for the spoliation of evidence that occurs even before an action has been commenced, if a litigant or its expert knows or reasonably should know that the evidence might be relevant to a possible action." <u>Keene</u> 439 Mass. at 234, citing <u>Kippenhan</u>, 428 Mass. 124. "The doctrine [of spoliation] is based on the premise that a party who has negligently or intentionally lost or destroyed evidence known to be relevant for an upcoming legal proceeding

should be held accountable for any unfair prejudice that results." <u>Keene</u>, 439 Mass. at 234 citing <u>Fletcher</u>, 437 Mass. at 549-550; <u>Kippenhan</u>, 428 Mass. 124; <u>Nally</u>, 405 Mass. at 197-198. As demonstrated in Section B above, Plaintiff's spoliation of crucial evidence has resulted in unfair, severe and incurable prejudice to Defendants.

The Supreme Judicial Court of Massachusetts has stated that "The destruction of relevant evidence 'is an unqualified wrong,' (citation omitted), that has a pernicious effect on the truth-finding function of our courts . . . . It is for that very reason that we have gone farther than other jurisdictions in imposing sanctions for spoliation." <u>Fletcher</u>, 437 Mass. at 553. Sanctions for spoliation of evidence include dismissal, exclusion of evidence, and/or a jury instruction on the adverse inference to be drawn from spoliation. <u>Keene</u>, 439 Mass. at 235. Moreover, the SJC has recognized that even the lesser sanction of exclusion of testimony may be dispositive of the merits of the case, thereby imposing the ultimate sanction on the party responsible for the spoliation. <u>Fletcher</u>, 437 Mass. at 550 citing <u>Nally</u>, 405 Mass. at 195, 199 (summary judgment for defendant may be appropriate if exclusion of expert testimony prevents plaintiff from making out prima facie case.)

The present case warrants the imposition of the sanction of dismissal to remedy the intentional, severe and incurable prejudice to defendants. The spoliation of evidence was made by knowledgeable sophisticated plaintiffs. The spoliation was either intentional and or grossly negligent, the spoliation was not inadvertent and the spoliated evidence included crucial evidence for the

determination of liability. As such, the present case has many similarities to <u>Keene</u> <u>v. Brigham and Women's Hospital</u> in which the Supreme Judicial Court affirmed the sanction of entry of default judgment for plaintiff as an appropriate remedy for the defendant's spoliation of critical evidence.

The <u>Keene</u> case involved a medical malpractice claim against the hospital in which defendant's hospital records documenting treatment and care of the injured newborn during a critical time period vanished. <u>Keene</u>, 439 Mass. at 225-226. There was no evidence by either party with respect to who was responsible for the loss of the records or whether the records were intentionally destroyed or negligently or accidentally misplaced. <u>Id</u>. at 226. In its review of the matter, the Supreme Judicial Court ("SJC") handled the matter under the doctrine of spoliation rather than as a discovery violation under Rule 37 since the defendant was unable, as opposed to unwilling, to produce the documents. <u>Id</u>. at 233-234. Like the present case, the destruction of evidence occurred prior to the commencement of litigation, but the SJC held the defendant accountable under the doctrine of spoliation from the date it should have been aware of a likely claim. <u>Id</u>. at 234.

Like the <u>Keene</u> case, the spoliated evidence here includes **critical evidence** on the ultimate issue of causation.

Further, the instant case goes even beyond <u>Keene</u> in that more than negligence is involved in the spoliation by plaintiff and his expert. In <u>Keene</u>, there was no explanation as to how the critical medical records went missing or to who was responsible for the lost evidence, with the court finding that at least negligence was involved in the hospital's failure to preserve the records. In the present case,

7

the Plaintiff was in control of the fire scene and directly responsible for the loss or destruction of the physical evidence.

This is not an ordinary spoliation case where evidence has been misplaced or lost without explanation.  See also <u>Covucci v. Keane Consulting Group</u>, 21 Mass. L. Rep. (Mass. Super. 2006) (Superior Court judge imposed the sanction of dismissal to remedy plaintiff's intentional spoliation of material evidence, i.e., an e-mail that was the central document in his age discrimination and retaliation suit against his former employer).  While the dismissal in the <u>Covucci</u> case was based in part on a finding of bad faith, the <u>Keene</u> case had no such bad faith finding and the sanction of default judgment was nevertheless imposed for the spoliation of evidence.

**D.    At a Minimum this Court Should Charge the Jury that they may Draw Adverse Inferences from Plaintiff's Spoliation of Evidence.**

Although the Defendant believes the facts and the law warrant the imposition of the sanction discussed above, at a minimum this court should instruct the jury that it may draw inferences adverse to the Plaintiff for its spoliation of evidence including but not limited to the inference that if the evidence had been preserved it would have been favorable to the Defendant GE.  <u>Gath v. MIA Com. Inc.</u>, 440 Mass. 482, 802 N.E. 2d 521 (2003).

**III.    CONCLUSION**

The Defendant respectfully requests this court to impose the sanction of preclusion of expert testimony and dismissal of this case for Plaintiff's spoliation of evidence of evidence or, at a minimum, instruct the jury concerning adverse inferences to be drawn against the Plaintiff for its spoliation of evidence.

Respectfully submitted,

GENERAL ELECTRIC COMPANY,
By its attorneys,

**CURLEY & CURLEY, P.C**.

Robert A. Curley, Jr., Esq.
BBO# 109180
27 School Street, 6th Floor
Boston, MA  02108
(617) 523-2990

Dated: 11/7/07

## CERTIFICATE OF SERVICE

I, Robert A. Curley, Jr., Esq., hereby certify that I served a true copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Paul T. Falk, Esq.
Falk Johnson LLC
20 South Clark Street
Suite 1990
Chicago, IL   60603

Steven B. Stein, Esq.
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA    02110

Ronald W. Harmeyer, Esq.
Falk Johnson, LLC
Bank One Plaza
111 East Wisconsin Avenue
Suite 1370
Milwaukee, WI    53202

_____
Robert A. Curley, Jr.

Dated:  11/7/67