UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10075 PBS

OCEAN TERRACE CONDOMINIUM
TRUST,                          Plaintiffs

vs.

GENERAL ELECTRIC COMPANY
                                Defendant

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GENERAL ELECTRIC
COMPANY'S MOTION IN LIMINE REGARDING RECORDS AND TESTIMONY
CONCERNING THE NORTU JAPPAH FIRE**

I.    **Procedural and Factual Background:**

This case arises out of a fire which occurred on June 1, 2002 at the Ocean

Terrace Condominium building in Gloucester, MA.  The Plaintiff seeks to attribute

the cause of this fire to the loss of a rear grille for a 30 year old wall sleeve, which

remained off the wall sleeve for about 9 months before the fire and to the alleged

intrusion of a squirrel into an air conditioning unit.

In its Rule 26(a)(3) disclosures Plaintiff has expressed an intent to offer into

evidence a so-called Nortu Jappah case file (Plaintiff's proposed Exhibit 44) and in

Plaintiff's disclosure of Evan Haynes expert testimony, the Plaintiff has indicated it

expects to elicit testimony about the Nortu Jappah fire. A portion of the expert disclosure pertaining to the Nortu Jappah fire is attached as Exhibit A.

The Nortu Jappah fire occurred over one month <u>after</u> the fire at the Ocean Terrace condominiums.

Mr. Haynes testified that he never went to the scene of the North Jappah fire (Deposition of Evan Haynes, pertinent portions of which are attached hereto as Exhibit B, pp. 224-225). Mr. Haynes saw an air conditioner which someone told him came from the fire scene and photographs which someone told him were from the fire scene. (Exhibit B, pp. 225). Mr. Haynes has admitted that the Nortu Jappah air conditioner was more severely burned than the air conditioner in issue (Exhibit B, pp. 225-226). The front grille (room side) of the Nortu Jappah air conditioner was missing (Exhibit B, p. 226). The Nortu Jappah air conditioner was substantially destroyed but only produced charring on the sheathing above it (Exhibit A, photos 73-76). In the air conditioner in issue there was a paper label and manual inside the air conditioner which was not burned! (Exhibit B, pp. 226-227). In the air conditioner in issue when the front (roomside) grille is removed there is barely any visible damage (Exhibit B, p. 226). In the Nortu Jappah fire the presumed source of ignition was arcing in the motor stator windows (Exhibit B, p. 228). In the present case Plaintiff contends an arc caused by a squirrel bite started a fire inside the air conditioner wall sleeve. What Mr. Haynes contends are nesting materials inside the Nortu Jappah air conditioner appear to be a small amount of pine needles which could have entered the unit post-fire.

The Plaintiff has not identified in its Rule 26(a)(3) disclosures any witness who could testify about the pre-fire or post-fire history of the Nortu Jappah air conditioner, including such subjects as its purchase, installation, care, repair, use, abuse, its rear grille which is missing, or its front grille which is missing. The Plaintiff has not identified any witness with personal knowledge of the Nortu Jappah fire itself or its extinguishment. The Plaintiff has not identified any witness with personal knowledge of the removal of the air conditioner from the Nortu Jappah premises up until the time of its observation by Mr. Haynes.

I.    **ARGUMENT**

In Kromhout v. Commonwealth, 398 Mass. 687, 500 N.E. 2d 789 (1986), the Supreme Judicial Court held that the admission of evidence of other accidents was irrelevant and was reversible error requiring a new trial. In Kromhout, the Plaintiff introduced evidence of twenty-one other accidents at the same intersection where the accident in issue occurred in an effort to establish a defect in a State highway.

The Court cited its opinion to the same effect in Robitaille v. Netoco Community Theatres of North Attleboro, Inc., 305 Mass. 265, 25 N.E. 2d 749 (1940), and explained its rationale as follows:

> "The admissibility of evidence of injury to others at other times by reason of the same thing that caused the plaintiff's injury, for the purpose of showing that thing to be dangerous, has often come before this court. Such evidence is open to grave objections. Its persuasive force depends upon similarity in the circumstances of different injuries, of which it is hard to be certain. Substantial identity in the alleged defective condition is only the first essential. The person who was injured at the time to which the offered evidence relates may have been defective in eyesight, feeble, or careless. The fact that he was injured may have little or no bearing on the danger to a normal traveler. Moreover, though the same defective condition may have been present at both times, the actual causes of the two injuries may have been different. Unless a comparison of the circumstances and causes of

3

the two injuries is made, the injury to another is without significance.  But if such a comparison is undertaken, the minds of the jurors must be diverted from the injury on trial into a detailed and possibly protracted inquiry as to injuries received by others at various times.  Those injuries have only a collateral and often minor bearing upon the case.  As to them the opposing party will often be ill prepared to present evidence.  There is danger that a jury may disregard the real differences in the circumstances of the two accidents, and find upon mere superficial similarity that a dangerous condition existed.  Similar considerations apply where evidence that other people, confronted at other times with the same alleged danger, suffered no injury, is offered to prove the want of a dangerous condition," Id. at 266-269, 25 N.E. 2d 749.

By attempting to introduce evidence of a later and dissimilar fire the Plaintiff is in essence seeking to create confusion and to consume substantial amounts of this Court's time on the trial of irrelevant and collateral issues.

The substantial weight of authority supports the Defendant's position in this regard.

In Cameron v. Otto Bock Orthopedic Industry, Inc., 43 F.3d 14 (1st Cir. 1994) the court affirmed the exclusion of post-accident failure reports of a certain orthopedic device.  The District Court had excluded the reports because they were irrelevant, they were hearsay and they were more prejudicial than probative.  The court held,

" . . . the post-accident reports describe incidents that took place after Mr. Cameron's accident, and thus have no bearing on notice.  Neither are they relevant as evidence of a design defect.  The reports of other incidents would be probative evidence of the existence of a design defect only if the incidents occurred under circumstances substantially similar to those surrounding Mr. Cameron's accident (citations omitted).  The circumstances of the post-accident incidents are entirely unknown." 43 F.3d at 16.

The court also held the reports to be inadmissible hearsay.

In Vincent v. Louis Marx & Co., Inc., 874 F.2d 36 (1st Cir. 1989), the Court affirmed the exclusion of evidence of prior accidents involving the same model tricycle that was involved in the products liability action before the Court.

In <u>McKinnon v. Skil Corp.</u>, 638 F.2d 207 (1st Cir. 1981), the Court again affirmed the exclusion of evidence of prior accidents. It held, 638 F.2d at 227,

> <u>Even when substantial identity of circumstances is proven</u>, the admissibility of such evidence lies within the discretion of the trial judge who must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against factors favoring admissibility.

See also: <u>P.B. Mutrie Motor Transportation, Inc. v. Interchemical Corporation</u>, 378 F.2d 447 (1st Cir. 1967), and <u>Robitaille v. Netoco Community Theatres</u>, 305 Mass. 265, 25 N.E. 2d 749 (1940).

There is substantial authority in jurisdictions outside of Massachusetts indicating that the Plaintiff should not be permitted to introduce evidence of other allegedly similar accidents. <u>Rye v. Black v. Decker Manufacturing Co.</u>, 889 F.2d 100 (6th Cir. 1989); <u>Nachtsheim v. Beech Aircraft Corp.</u>, 847 F.2d 1261 (1988); <u>Hicks v. Six Flags Over Mid-America</u>, 821 F.2d 1311 (8th Cir. 1987); <u>Brooks v. Chrysler Corporation</u>, 786 F.2d 1191 (D.C. Cir. 1986); and <u>Edwards v. Consolidated Rail Corporation</u>, 567 F. Supp. 1087 (D.D.C. 1983).

In this case there is no witness with personal knowledge of the history of the Nortu Jappah air conditioner, the Nortu Jappah fire or the fire fighting efforts. The Plaintiff claims the causes of the two fires are different. The resulting damage is enormously different. In Nortu Jappah the air conditioner was destroyed with hardly any damage to the building. In the present case there was minimal damage to the air conditioner and the total loss of a large building. The fuel loads of the air conditioners at the time of the respective fires is unknown.

The Plaintiff cannot make any showing of admissible evidence sufficient to show any sufficient similarity or circumstances or probative value for the admission of documents or testimony concerning the Nortu Jappah fire.

Furthermore, the documents which Plaintiff proposes to introduce are inadmissible hearsay for which there is no exception.

Finally, the prejudice likely to be caused by the confusion resulting from the trial of a collateral issue unrelates to the fire in issue concerning a different post-fire event and the speculation likely to result from the trial of such a collateral issue clearly outweighs the non-existent probative value of evidence concerning the Nortu Jappah fire.

## III.    CONCLUSION

For the foregoing reasons, the Defendant General Electric Company respectfully requests this court to order Plaintiff's counsel and witness from making any reference to the Nortu Jappah fire at any time during the trial and to order the exclusion of any evidence of the Nortu Jappah fire from evidence in his case.

Respectfully submitted,

GENERAL ELECTRIC COMPANY,
By its attorneys,

**CURLEY & CURLEY, P.C.**

Robert A. Curley, Jr., Esq.
BBO# 109180
27 School Street, 6th Floor
Boston, MA  02108
(617) 523-2990

Dated:  11/7/07

**CERTIFICATE OF SERVICE**

I, Robert A. Curley, Jr., Esq., hereby certify that I served a true copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Paul T. Falk, Esq.
Falk Johnson LLC
20 South Clark Street
Suite 1990
Chicago, IL   60603

Steven B. Stein, Esq.
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA    02110

Ronald W. Harmeyer, Esq.
Falk Johnson, LLC
Bank One Plaza
111 East Wisconsin Avenue
Suite 1370
Milwaukee, WI    53202

_____
Robert A. Curley, Jr.

Dated:   11 / 7 / 07

7