UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10075 PBS

OCEAN TERRACE CONDOMINIUM
TRUST,                    Plaintiffs

vs.

GENERAL ELECTRIC COMPANY
                          Defendant

## DEFENDANT GENERAL ELECTRIC COMPANY'S FIRST REQUEST FOR INSTRUCTION TO THE JURY

Now comes the Defendant General Electric Company and requests this Court to instruct the Jury as follows:

## BURDEN OF PROOF:

1. The burden is on the Plaintiff to prove every essential element of its claim by a preponderance of the evidence. The burden is not on the Defendant to disprove the Plaintiff's claims. If the Plaintiff's failed to establish any essential element of its claims by a preponderance of the evidence, your verdict must be in favor of the Defendant. Swartz v. General Motors Corp., 375 Mass. 628, 378 N.E. 2d 61 (1978); Coyne v. John S. Tilley Co., Inc., 368 Mass. 230, 331 N.E. 2d 541. Prosser, Law of Torts, §38 at 209 (4th ed. 1971) (collecting cases).

2. To establish a proposition or element of a claim "by a preponderance of the evidence," the Plaintiff must prove that the proposition or element is more likely or probably true than not. A "preponderance of the evidence" in this case means such evidence which, when considered and compared with that opposed to it, has the more convincing force and produces in your minds the actual belief that what is sought to be proven is more likely true than not. <u>Porter Sargent v. Massachusetts Accident Company</u>, 307 Mass. 246, 250 (1940).

3. If you must guess or speculate concerning any essential element of the Plaintiff's claim against General Electric, then you must conclude that the Plaintiff has failed to meet its burden of proof and must find in the favor of the Defendant General Electric

4. Your deliberations must not be guided by sympathy for or bias or prejudice against any party but must be fair and impartial in every respect.

**NEGLIGENCE:**

5. The mere fact of injury or damage alone is not sufficient to impose liability on Defendant. A Defendant is not an insurer of all harm which occurs while products sold by it are in use. Proof of injury or damage alone is not sufficient to create liability. <u>Simien v. S.S. Kresge Co.</u>, 566 F.2d 551, 557, 559 (5th Cir. 1978); <u>Carison v. American Safety Equipment Corp.</u>, 528 F.2d 384, 385 (1st Cir. 1976); <u>Pellegatti v. Pellegatti</u>, 345 Mass. 591, 593-594 (1963).

6. A manufacturer and seller of a product such as an air conditioner has a duty to act in the manner which an ordinary, reasonably prudent manufacturer and seller of an air conditioner would act under similar circumstances. <u>deCanto v.</u>

Azneteck, Inc., 367 Mass. 776, 782; Fernandes v. Bookbinding Co., Inc., 400 Mass. 27, 507 N.E.2d 728 (1987).

7. An ordinary, reasonably prudent manufacturer and seller of a product such as an air conditioner is not held to a standard of perfection, and you may not hold such a manufacturer and seller to a standard of perfection. Back v. The Wickes Corporation, 375 Mass. 633, 378 N.E. 2d 964 (1978); Smith v. Ariens Company, 375 Mass. 620, 377 N.E. 2d 954 (1978); Tibbetts v. Ford Motor Company, 4 Mass. App. 738, 358 N.E. 2d 460 (1976).

8. Plaintiff must prove that the product complained of was manufactured and sold by the Defendant. Carrier v. Riddell, Inc., 721 F.2d 867 (1st Cir. 1983); Mather v. Midland-Ross Corporation, 402 Mass. 688, 532 N.E. 2d 46 (1980); , 402 Mass. 688, 532 N.E. 2d 46 (1980); Payton v. Abbott Laboratories, 386 Mass. 540, 570 432 N.E. 2d 171 (1982); Garcia v. Kusan, Inc., 39 Mass. App. Ct. 322, 655 N.E. 2d 1290 (1995).

9. In order to prove negligence on the part of the Defendant General Electric Company, the Plaintiff must prove by a preponderance of the credible evidence.

- That the Defendant General Electric Company sold the air conditioner and the wall sleeve in issue and with respect to the Plaintiff's claims about the fastening devices for the rear grille that those fastening devices were sold by General Electric Company.

- that the product was defective in some relevant and material way at the time of sale;

- that the Defendant General Electric Company knew or should have known of the alleged defect;

- that the Defendant General Electric Company failed to act as an ordinary, reasonable manufacturer such product under similar circumstances;

- that the product was not materially changed in condition after it left the control of General Electric Company; and

- that the Plaintiffs were, as a direct and proximate cause of the Defendant's conduct, injured or damaged.  <u>Carter v. Yardley & Co., Inc.</u>, 319 Mass. 92, 96, 64 N.E. 2d 693 (1946); <u>Fernandes v. Union Bookbinding Co., Inc.</u>, 400 Mass. 27, 507 N.E. 2d 728 (1987).

10. Even if you were to find that the Defendant General Electric Company was negligent, negligence does not operate in a vacuum and is without legal consequence unless you also find that it contributed to cause the injury or damage.  In terms of the circumstances of this case, if you should find that the Defendant General Electric Company was negligent in some particular way, and if you should also find that the accident and injury or damage would have occurred regardless of such negligence, then the negligence would not be a cause of the injury or damage and would, therefore, be without legal consequence and not chargeable to General Electric Company.  <u>Falvey v. Hamelburg</u>, 347 Mass. 430 (1964).

11. A product can be defective as a result of improper manufacture or improper design.  In either case, however, the defective condition must render the

4

product <u>unreasonably</u> dangerous. A product is not in a defective condition when it is safe for normal handling and use. Smith v. Ariens Company, 375 Mass. 620, 377 N.E.2d 954 (1978); Simien v. S.S. Kresge Co., 566 F.2d 551, 556-57 (5th Cir. 1978); Scoffer v. General Motors Corporation, 273 Mass. 171, 360 N.E.2d 1247 (1977).

12. In seeking to establish that the product in issue was defectively designed by the Defendant, the Plaintiffs must offer proof of an alternative, safer design which was <u>technologically</u> and <u>commercially</u> practical at the time the design in question was adopted. Second, the Plaintiffs must offer proof of what injury or damage, if any, would have resulted had the alternative, safer design been used. Third, the Plaintiffs must offer proof of the extent of the enhanced injury or damage attributable to the defective design. Huddell v. Levin, 537 F.2d 726, 737-38 (3rd Cir. 1976). Gillespie v. Sears, Roebuck & Company, 386 F.3d 21, 26 (1st Cir. 2004); Marchant v. Dayton Tire & Rubber Company, 836 F.2d 695, 699 (1st Cir. 1988); Alves v. Mazda Motor of America, Inc., 448 F. Supp. 2d 285, 299 (D. Mass. 2006); Back v. Wickes Corporation, supra.

13. The mere existence of design alternatives which, had they been used, would have prevented the accident or minimized its consequences, is insufficient to establish liability on the part of the defendant. A Defendant is not obliged to design the safest possible product, or a safer product than the one it designed, so long as the design it adopted was reasonably safe. Weakly v. Fishback & Moore, Inc., 515 F.2d 1260, 1267-68 (5th Cir. 1975).

14. The fact that substantially similar designs were in common use by other manufacturers or suppliers of products is evidence that the design adopted by the Defendant was reasonable. Back v. Wickes Corp., supra; Corthell v. Great Atlantic & Pacific Tea Co., 291 Mass. 242, 243, 196 N.E.2d 850 (1935).

15. Compliance with industry standards is evidence that the design adopted by the Defendant was reasonable.

16. Negligence in the design of a product is not proved by evidence of the later manufacturer or use of an allegedly safer alternative. Whether reasonable care was exercised in the adoption of the design of a product by a Defendant depends upon the facts known to it at the time of the design was adopted. Reasonable care is not measured with the benefit of hindsight, but rather by the state of technological and commercial development at the time the design was adopted. Back v. Wickes Corp., supra; Ward v. Hobard Manufacturing Co., 450 F.2d 1176, 1182 n. 16 (5th Cir. 1971) (collecting cases); Dean v. General Motors Corporation, 301 F. Supp. 187, 192 (E.D. La 1969).

17. The law does not require that a defendant incorporate features representing only the ultimate in design and safety. Nor must the defendant utilize all technological advancements immediately. The law permits a period of time in which to examine and test new developments before any duty to incorporate such developments may be imposed, if such a duty is to be imposed at all. Fincher v. Ford Motor Co., 399 F. Supp. 106, 144 (S.D. Miss. 1975); aff'd, 535 F.2d 657 (5th Cir. 1976).

BREACH OF WARRANTY

18. In order to recover for breach of warranty, the Plaintiff has the burden of proving, by a preponderance of the evidence:

    - that General Electric sold the product in issue;

    - that a warranty existed;

    - that there was a breach of that warranty; and

    - that the breach was the proximate cause of damage to the party seeking to

recover for it.

Mass. G.L. c. 106, §2-314 Official Comment 13; Mass. G.L. c. 106, §2-607(3)(a); Mass. G.L. c. 107, §2-318.

19. Warranty liability is not absolute liability, and a Defendant therefore is not obligated to make its products accident proof. <u>Back v. The Wickes Corporation</u>, 375 Mass. 633, 278 N.E. 2d 964 (1978).

20. In some circumstances, the law implies a warranty of merchantability if a seller under a contract for the sale of goods is a merchant with respect to those goods. Accordingly, if you find that a particular party was the seller of the product in issue and was a merchant of such product, the law implies a warranty of merchantability. Mass. G.L. c. 106, §2-314(1).

21. By the implied warranty of merchantability, it is warranted that, at the time of purchase, the goods are (a) of such quality as will pass without objection in the trade under the contract description; (b) are fit for the general purposes for which they are used; and (c) are of fair average quality. Mass. G.L. c. 106, §2-314(2)(1)-(c); Mass. G.L. c. 106, §2-314 Official Comments 3, 8.

22. The warranty of merchantability extends only to uses which the seller intended and those which were reasonably foreseeable. The seller is not liable for the consequences of unforeseeable misuse of a product. <u>Back v. The Wickes Corporation</u>, <u>supra</u>; <u>Allen v. Chance Manufacturing Co.</u>, 388 Mass. 342 (1983).

23. The merchantability of a product sold is determined as of the time of sale. <u>Back v. The Wickes Corporation</u>, <u>supra</u>.

24. In determining whether the product in issue was merchantable, you should consider (a) the gravity of the danger, if any, posed by the product as manufactured; (b) the likelihood that such a danger would occur; (c) the commercial feasibility, at the time of manufacture, of an alternative design of the product; (d) the financial cost of the alternative design; and (e) the adverse consequences to the product and the user that would result from an alternative design. <u>Back v. The Wickes Corporation</u>, <u>supra</u>. See, <u>Bowman v. General Motors Corp.</u>, 427 F. Supp. 242-44 (E.D. Pa. 1977).

25. If you find, by a preponderance of the evidence, that a party sold the product in issue and that an implied warranty of merchantability arose with respect to that product, but find that the product was of fair and average quality, was fit for its ordinary use, and would pass without objection in the trade, you must find that there was no breach of a warranty of merchantability.

<u>NOTICE OF BREACH OF WARRANTY</u>:

26. The Plaintiff had an obligation to notify the Defendant of any breach of warranty within a reasonable time after Plaintiff discovered it or should have discovered it, and if you find that the Defendant General Electric Company was prejudiced

by the failure of the Plaintiff to fulfill this obligation, then you must find in favor of the Defendant General Electric Company with respect to the Plaintiff's breach of warranty claims. The Defendant has the burden of proving that it was prejudiced. Mass. G.L. c. 106, §2-318.

27. You may consider evidence that late notification of an alleged breach of warranty by the Plaintiffs prevented a party from investigating fully the circumstances of the accident or prevented a party from ascertaining facts which later could not be determined, as evidence of prejudice to a Defendant. Castro v. The Stanley Works, 864 F.2d 961 (1st Cir. 1989).

28. A party may not recover for a breach of warranty where the party had knowledge of the breach and acquiesced to its continuance, or where the party unreasonably proceeded to use a product which he knew to be defective or dangerous. Correia v. Firestone Tire and Rubber Co., 388 Mass. 342, 446 N.E. 2d 1033 (1983).

29. If you find that General Electric Company used reasonable care in the design and manufacture of the product in issue, then you must return a verdict in favor of the Defendant General Electric Company, Klein v. Catalano, supra.

DUTY TO WARN:

30. A manufacturer or seller of a product has no duty to warn of risks which are obvious or already are known. Thorson v. Mandell, 402 Mass. 744, 525 N.E. 2d 375 (1988); Fiorentino v. A.E. Staley Mfg. Co., 1 Mass. App. 428, 416 N.. 2d 198 (1989); Bavuso v. Caterpillar Industries, 408 Mass. 694, 699, 563 N.E.2d 198, 201 (1990).

31. To prove that the Defendant General Electric Company was negligent or breached any implied warranty, if any, in failing to provide a warning regarding the product, Plaintiff must show that General Electric Company knew or should have known of a non-obvious, unreasonably dangerous condition. Anderson v. Owens Illinois, Inc., 799 F.2d 1 (1st Cir. 1986).

32. There is no duty to warn of a danger unless the person on whom the duty rests has some duty to believe that a warning is needed. Carney v. Bereault, 348 Mass. 502 (1965).

33. With respect to the Plaintiff's claims, there is no duty to warn of an unknowable danger. Anderson v. Owens-Illinois, Inc., 799 F.2d 1 (1st Cir. 1986).

34. The duty to warn is not imposed by law as a mindless ritual. Killeen v. Harmon Grain Products, Inc., 11 Mass. App. 20, 413 N.E. 2d 767 (1980).

35. A manufacturer has no duty to warn of possible risks created by the act of a third person not associated with the foreseeable use or misuse of a product. Mitchell v. Sky Climber, Inc., 396 Mass. 629, 487 N.E. 2d 1374 (1986).

36. In circumstances where a warning would not reduce the likelihood of injury, no duty to warn is imposed. Coulter v. Barber-Greene Company, 403 Mass. 50, 525 N.E. 2d 1305 (1988); Uloth v. City Tank Corporation, 376 Mass. 874, 384 N.E. 2d 1188 (1978).

37. With respect to Plaintiff's claims, there is no actionable breach of warranty for failing to provide a warning unless the product is unreasonably dangerous due to the lack of warnings. Hayes v. Ariens Co., supra; Simmons v. Monarch Machine Tool Co., Inc., supra.

38. General Electric Company only had a duty to warn of unreasonable, non-obvious risks. <u>Polak v. Whitney</u>, 487 N.E. 2d 213 (1985); <u>Thorson v. Mandell</u>, <u>supra</u>.

39. If you find that there was any breach of a duty to warn, then the Plaintiff has the burden of proving, by a preponderance of the evidence, beyond mere speculation, that any such breach was the proximate cause of the damages claimed by the Plaintiffs.

<u>PROXIMATE CAUSE</u>:

40. Even if you were to find that a Defendant breached a duty to the Plaintiffs, a breach of duty is without legal consequences unless you also find that it contributed to cause the damage. In terms of the circumstances of this case, if you should find that the Defendant breached a duty in some particular way, and if you should also find that the injury or damage would have occurred regardless of such a breach of duty, then the breach of duty would not be a cause of the injury or damage and would, therefore, be without legal consequence and not chargeable to the Defendant. <u>Falvey v. Hamelburg</u>, 347 Mass. 43 (1964).

41. In order for you to determine that any breach of duty of a party contributed to cause any damages in this case, you must be satisfied that such breach continued as an active cause uninterrupted by any intervening, independent cause from the time that any such breach occurred up to the time that such injury or damage occurred. With respect to the evidence in this case, even if you find that a Defendant in this case breached a duty, if you also find that

11

some independent, intervening acts occurred for which acts the Defendant was not responsible, then the chain of causation would be interrupted and would not be a cause of any injury to the Plaintiffs. Wallace v. Ludwig, 292 Mass. 251.

42. In order to find that a breach of duty of the Defendant was a proximate cause or legal cause of the Plaintiff's alleged damage, then you must find that such a breach of duty was a substantial factor in bringing about the alleged damage.

43. If you can only guess, speculate, or surmise about the cause of the damage in issue, then you must find for the Defendant. Sultis v. General Motors Corporation, 690 F. Supp. 100 (D. Mass. 1988); Lubanksi v. Gehl Company, 929 F.2d 42 (1st Cir. 1991); Barry v. Stop & Shop Companies, Inc., 24 Mass. App. 224, 507 N.E.2d 1062 (1987); Goffredo v. Mercedes-Benz Truck, 402 Mass. 97, 520 N.E.2d 1315 (1988).

44. The Plaintiff has the burden of proving by a preponderance of the evidence that harm of the same general kind as sustained by the Plaintiff was a reasonable and probable cause of the conduct complained of Sponatski's Case, 220 Mass. 526, 530-31 (1915); Foley v. Boston Housing Authority, 407 Mass. 640 (1990); Addison v. Green Café, Inc., 323 Mass. 620 (1949).

45. General Electric Company had no obligation to guard or warn against what was only remotely likely to occur or against an occurrence which was not reasonably foreseeable. Lindberg v. Gilbert, 346 Mass. 762 (1963); Ted's Master Service, Inc. v. Farina Brothers Co., 343 Mass. 307, 309 (1961); Peacock v. Ambassade Realty Corp., 336 Mass. 115, 118 (1957).

46. The Plaintiff does not meet the burden of proof with respect to proximate cause by proving that a causal relationship between alleged negligence or an alleged breach of warranty is simply possible, conceivable, or reasonable. <u>Glicklich v. Spievack</u>, 16 Mass. App. 488, 452 N.E.2d 287, 290 (1983).

47. Where the cause of an accident may be as reasonably attributed to a condition for which the Defendant has no liability a to one for which the Defendant has liability, then there must be a finding for the Defendant. <u>Maher v. General Motors Corporation</u>, 370 Mass. 231, 234, 346 N.E. 2d 833, 835 (1976); <u>Commonwealth v. Shea</u>, 342 Mass. 710, 713, 88 N.E. 2d 645 (1949); <u>Smith v. First National Bank</u>, 99 Mass. 605 (1868).

<u>DAMAGES</u>:

48. Damages must be reasonable. If you find that the Plaintiffs are entitled to a verdict, you may award them only such damages as will reasonably compensate them for the injury and damages suffered.

49. The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict-in-this case. Instructions as to the measure of damages are given for your guidance in the event you should find in favor of the Plaintiffs from a preponderance of the evidence and in accordance with the other instructions.

50. If you reach the question of damages in this case, you are not to take into consideration the application of any interest upon the amount of damages you

may find, since this is a function of the court. D'Amico v. Cariglia, 330 Mass. 246.[1]

51. If you find the Defendant is liable to the Plaintiff, you must determine the extent of the damages for which the Defendant is liable. The burden is on the Plaintiff to prove its damages by a preponderance of the evidence. Damages in actions such as this cannot be awarded unless you can determine the amount of damages without resort to speculation, conjecture, or surmise.

52. The Plaintiffs must prove their damages with a solid foundation in fact and cannot recover when any essential element is left to conjecture, surmise, or hypotheses. Snelling & Snelling of Mass, Inc. v. Wall, 345 Mass. 634, 636, 189 N.E. 2d 231 (1963).

CONTRIBUTORY NEGLIGENCE/COMPARATIVE NEGLIGENCE:

53. In considering the roles which the parties played, if any, in the happening of the events alleged in this case, you must consider the role of the Plaintiff in this matter. You must determine whether the Plaintiff exercised the standard of care of a reasonably prudent user of the product in issue. If you find that the Plaintiff either did something in the use of the product that a reasonably prudent person would not have done or failed to do something which a reasonably prudent person would have done, the Plaintiff would be negligent in that regard. You then must consider whether or not such negligence of Plaintiff caused or contributed to cause any injury or damages which you may find he sustained. Mass. G.L. c. 231 §85.

---

[1] In requesting this instruction, General Electric Company does not waive in any way its right to contend that the application of the pre-judgment interest statute is unconstitutional both under the Massachusetts Declaration of Rights and the United States Constitution.

54. The Defendant has pleaded the contributory and comparative negligence of the Plaintiff as an affirmative defense. Specifically, Defendant alleges that Plaintiff was negligent and that Plaintiff's negligence was a proximate cause of any damages suffered by them. Contributory negligence is fault on the part of the person claiming to be damaged.
By the defense of contributory negligence, the Defendants alleged that Plaintiff failed to use ordinary care, and that its failure to exercise ordinary care also was one of the proximate causes of Plaintiff's injuries. The burden is on Defendants to prove by a preponderance of the evidence that Plaintiff failed to exercise the ordinary care that an ordinary, reasonable person in his position would have exercised under all the circumstances and that this failure was one of the proximate causes of Plaintiff's damage. Mass. G.L. c. 231 §85.

55. Contributory negligence is a defense to a claim of negligence. <u>Coding v. Paglia</u>, 32 N.Y. 2d 330, 343-4 (1973). See <u>Back v. Wickes Corp.</u>, <u>supra</u> (citing <u>Coding v. Paglia</u>, <u>supra</u>).

56. If you find that negligence on the part of the Defendant contributed to the Plaintiff's damages, that Plaintiff failed to exercise due care, and that his failure to exercise due care contributed to its damage, then you must determine the degree, in percentage terms, to which each of these parties contributed to Plaintiff's damage. If the percentage of Plaintiff's negligence exceeds that of the Defendant, the Plaintiff cannot recover against the Defendant. If the percentage of Plaintiff's negligence is less than that of the Defendant, you must

diminish your award of damages to Plaintiff by a percentage amount equal to the percentage of Plaintiff's negligence. Mass. G.L. c. 231 §85.

COMPARATIVE RESPONSIBILITY:

57. The defendant of comparative responsibility is a defense to the Plaintiff's breach of warranty claims. Restatement of the Law (Third), Products Liability §17.

58. You must reduce any award of damages to the Plaintiff by the percentage which corresponds to the amount Plaintiff's conduct contributed to the occurrence of the accident when compared to the percentage which corresponds to the amount which any product defect contributed to the occurrence of the accident.

EXPERT TESTIMONY:

59. You may not make any determination concerning a fact or a cause which is not within the scope of ordinary, everyday experience, unless there is expert testimony which supports such a fact or cause.

60. You have heard the testimony of a number of opinion witnesses in this case. If, in the opinion of the Court, certain subject matter is beyond the common knowledge and understanding of lay people, the Court will permit someone who is an expert in the field to testify to certain conclusions and opinions. You are not bound in any sense by any testimony of any expert. You should view it as any other evidence and consider it to the extent that you find it to be of assistance to you in arriving at your conclusions. Commonwealth v. Spiropoulos, 208 Mass. 71; Dodge v. Sawyer, 288 Mass. 402.

INFERENCES:

61. Any inference which you may draw from the factual evidence before you must be reasonable and must be based on a probability rather than a possibility. Any inference may not be the result of mere speculation or guesswork. Alholm v. Wareham, 371 Mass. 621, 627, 358 N.E. 2d 788 (1976); Poirier v. Plymouth, 374 Mass. 206, 212, 372 N.E. 2d 212 (1978); Ferragamo v. Mass. Bay Transportation Authority, 395 Mass. 581, 481 N.E. 2d 477 (1985).

SPOLIATION:

62. If you find that the Plaintiff lost or destroyed material evidence you may draw an inference adverse to the Plaintiff that the preservation of the evidence would have been favorable to the Defendant. Keen v. Brigham & Women's Hospital, Inc., 439 Mass. 223, 224-245 (2003); Fletcher v. Dorchester Mutual Insurance Company, 437 Mass. 544, 549-550 (2002).

          GENERAL ELECTRIC COMPANY,
          By its attorneys,

          **CURLEY & CURLEY, P.C.**

          _____
          Robert A. Curley, Jr., Esq.
          BBO# 109180
          27 School Street, 6th Floor
          Boston, MA 02108
          (617) 523-2990

Dated: 11/7/07

**CERTIFICATE OF SERVICE**

I, Robert A. Curley, Jr., Esq., hereby certify that I served a true copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Paul T. Falk, Esq.
Falk Johnson LLC
20 South Clark Street
Suite 1990
Chicago, IL  60603

Steven B. Stein, Esq.
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA  02110

Ronald W. Harmeyer, Esq.
Falk Johnson, LLC
Bank One Plaza
111 East Wisconsin Avenue
Suite 1370
Milwaukee, WI  53202

_____
Robert A. Curley, Jr.

Dated: 11/7/07