UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 05 10075 PBS

OCEAN TERRACE CONDOMINIUM  )
TRUST,                     )
                           )
    Plaintiff,             )
                           )
vs.                        )
                           )
GENERAL ELECTRIC COMPANY   )
                           )
    Defendant.             )

### OCEAN TERRACE CONDOMINIUM TRUST MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF GENERAL ELECTRIC'S EXPERT WITNESSES JOHN E. MOALLI, MAUREEN T. F. REITMAN AND DONALD J. HOFFMAN

NOW COMES the Plaintiff, OCEAN TERRACE CONDOMINIUM AND TRUST ("Ocean Terrace"), through its counsel and moves this Honorable Court, In Limine, to prohibit Defendant, GENERAL ELECTRIC COMPANY ("GE") from eliciting any testimony from F.R.C.P. 26 witnesses John E. Moalli, Maureen T. F. Reitman and Donald J. Hoffman, as follows:

### The Exclusion of Any Opinion Before the Jury of John E. Moalli or Maureen T. F. Reitman that:

1. There is no evidence that GE supplied the grommets in question.

2. There is no evidence that confirms the grommets in question were made from nylon.

3. The testimony from the homeowner indicates that the screen he manipulated prior to the fire was not consistent with a GE screen.

### The Exclusion of Any Opinion Before the Jury by Donald J. Hoffman that:

1. It is pure speculation that the grommets on this unit failed due to weatherability versus abuse due to mishandling during the life of the product.

2. There is no evidence of a defect in the grill cabinet or its design that could have contributed to the disengagement of the grill in the late year of 2001.

3. Any opinions on this grill and its failure is pure speculation without the grommets, the grill and the history of each of those components and some evidence of early life failure those components that may have contributed to the only documented disengagement of the grill.

4. There is no evidence to suggest that the grill was replaced in its 30 years of life.

**The Above Opinions are Not Allowed in this Case under Fed.R.Evid. 702 and 704**

Each of the foregoing proffered opinions are unpermissable arguments as to the weight the jury should give to the evidence. This type of proffered opinion also is precluded since this testimony is unnecessary to help the jury reach its own conclusions as to the weight of the evidence. None of the above testimony requires the specialized knowledge required for expert testimony under Fed.R.Evid. 702 and 704 and the jury can determine these issues.

The ultimate purpose of the *Daubert* inquiry is to determine whether the testimony of the expert would be helpful to the jury in resolving a fact in issue. *Cipollone v. Yale Indus. Prod. Inc.*, 202 F.3d 376, 380(1st Cir. 2000); *Daubert v. Merrel Dow Pharm., Inc.* 509 U.S. 579, 597, 113 S.Ct. 2786 (1993). Even a court can not invade the province of a jury with its own belief as to the persuasiveness of the evidence. In *Blake v. Pellegrino*, 329 F.3d 43(1st Cir. 2003), the Court stated "The ultimate arbiter of the persuasiveness of the proof must be the factfinder, not the lawgiver." *Blake*, at 47. The foregoing testimony is an attempt to supplant the jury's realm of determining whether a fact has been proved and the overall weight of the evidence on an issue.

Further, the above proffered opinions are not supported by even the agreed uncontested facts in the case. They further are not supported by the findings in Magistrate Marion B. Boeller's report and recommendations on GE's Motion for Summary Judgment (docket entry

No. 25). For example, with respect to Moalli and Reitman's opinion that there is "No evidence GE supplied the grommets in question," the following facts in contradict these comments:

Two exemplar air conditioning units were removed from the premises and examined by all the experts. The shadow marks made by the original grommets and the two exemplar units matched the shadow marks from the frame of the air conditioner which Plaintiff asserts initiated the fire. (Plaintiff's Statement of Undisputed Facts, 5, 6)

With respect to Mr. Moalli's and Ms. Reitman's opinions that there is no evidence the grommets were made from nylon, there is the following contradictory evidence:

> Grommets from the exemplar air conditioners were scientifically examined, with the examination showing the grommets were made from nylon 6. (Plaintiff's Statement of Uncontested Facts, 22, Fallows Rule 26 Report, pg. 2, Exhibit 8.

The proffered opinions by Moalli and Reitman that the testimony from the homeowner indicates the screen he manipulated prior to the fire was not consistent with the GE screen is directly contradicted by the unit owner's own testimony: Ms. Hull, the owner of Unit 3A at the time of the fire, was shown a photo of the exterior grill from Unit 1J, the exemplar, and stated that the grill in the photo was the same general appearance as her grill. (Plaintiff's statement of undisputed fact No. 17, Exhibit 6 Hull deposition, pg. 114; Magistrate's Report, p.19). It is undisputed the exemplar air conditioning units including the grills are General Electric units. (Plaintiff's statement of undisputed facts No. 1, 2, 9, 36).

Mr. Hoffman's proffered testimony that any opinion as to the grill and its failure are pure speculation without the grommets also is directly contradicted by the above facts. The ability to prove design defects including selection of component materials and placement of the components without the subject unit's parts being available is well established. *One Beacon Insurance Company v. Electrolux*, 436 F.Supp.2d 291(U.S.D.C., D. Mass. 2006) The above

proffered opinions of Mr. Hoffman are not only an improper weighing of the evidence and unsupported by the established facts in this case but also contrary to established evidentiary rules.

WHEREFORE, Plaintiff, Ocean Terrace Condominium Trust respectfully requests this Court to grant its Motion, in Limine, and direct Defendant General Electric Company not to elicit or obtain any testimony before the jury as to any opinions of John E. Moalli, Maureen Reitman or Donald Hoffman as set out above.

                                                              Respectfully submitted
By its Attorneys,

**FALK METZ LLC**

_/s/ Paul T. Falk_
Paul T. Falk
20 South Clark Street, Suite 1900
Chicago IL 60603
(312) 922-5800


Steven B. Stein, Esq.
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA 02110
(617) 772-2800


Dated: November 9, 2007

- 5 -

## CERTIFICATE OF SERVICE

I, Paul T. Falk, hereby certify that on November 9th, 2007, I served a true copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Robert A. Curley, Esq.
CURLEY & CURLEY P.C.
27 School Street
Boston, MA 02108
BBO #109180

Steven B. Stein, Esq.
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA  02110

Dated:  November 9, 2007                            _____
                                                    Paul T. Falk