UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 05 10075 PBS

| | |
|---|---|
| OCEAN TERRACE CONDOMINIUM TRUST, | ) )  ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| GENERAL ELECTRIC COMPANY | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S MOTION IN LIMINE TO BAR ANY AND ALL REFERENCE TO THE NON-EXISTENCE OR ANY ALLEGED DEFICIENCY IN FIRE PROTECTION OR PREVENTION DEVICES OF ANY KIND AS IT PERTAINS TO THE SUBJECT BUILDING**

Now come the Plaintiff, Ocean Terrace Condominium Trust, by and through its attorneys, and moves this Honorable Court to enter an order in limine barring any and all reference to the non-existence or any alleged deficiency in fire protection or prevention devices of any kind as it pertains to the subject building.   In support of said motion Plaintiff states as follows:

Federal Rule of Civil Procedure 26 9(a)(1) and (2) sets forth the requirements with regard to the disclosure of witnesses and testimony, both lay and expert.  The rules require that a party shall disclose to the other parties the identity of any person who may be used at trial to present evidence under Rule 702, 703 or 705 of the Federal Rules of Evidence and, except as otherwise stipulated or directed by the court, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties of an employer of the party regularly involved giving expert testimony, be

accompanied by a written report prepared and signed by the witness. The report shall

contain a complete statement of all opinions to be expressed on the basis and reasons

therefore; the data or other information considered by the witness in forming an opinion;

and the exhibits to be used as a summary of or support for the opinions; the qualifications

of the witness, including a list of all publications authored by the witness within the

proceeding ten years; the compensation to be paid for the study and testimony; and a

listing of any other cases in which the witness has testified as an expert at trial or by

deposition within the preceding four years.  Unless stipulated by the parties or via court

order the disclosure shall be made 90 days before the trial date or the date the case is

ready to be ready for trial.

To date, Defendant has failed to disclose both by interrogatory answer and

deposition testimony any witness whether via direct examination testimony or upon

cross-examination who will offer any testimony as to facts or opinions regarding the non-

existence or deficiency of any fire protection device employed by Plaintiff at the subject

building at or prior to the subject loss.  Pursuant to Federal Rule of Civil Procedure Rule

37(c)(1), the appropriate mandatory sanction for failing to disclose witnesses that will

testify on the topic is to bar any use of such evidence or remark at trial. *Klonoski v.*

*Mahlab,* 156 F.3d 255, 268 (1st Cir. 1998)  There is no exception for evidence discovered

after discovery deadlines have passed. *Id.*  Indeed, even if it was argued that Plaintiff

opened the door to such evidence, which it has not and will not, evidentiary rules do not

open the door to the admission of such undisclosed evidence or argument as the rules of

evidence do not trump the discovery rules contained in the Federal Rules of Civil

Procedure. *Id.* at 270-71  To allow such undisclosed evidence or argument would be to

condone trial by ambush which has been expressly condemned. *Id.* at 271  Further, the

preclusion of evidence due to nondisclosure under Rule 26 is a self-executing sanction.

*Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo Y Beneficiencia De Puerto Rico,*

248 F.3d 29, 33 (1st Cir. 2001) Therefore, the violation of a discovery order is not a

condition precedent to the imposition of sanctions provided under Rule 37(c).

Therefore, any reference to this topic would therefore be improper as undisclosed.

Any argument on the topic would be unsupported by any evidence and therefore

improper and unduly prejudicial without probative value. To allow such evidence or

argument on a topic of specialized knowledge such as fire safety without properly

disclosed and properly credentialed expert testimony would only invite the jury to

speculate as to such topics and their potential impact on liability and/or damages which

would be entirely inappropriate.

WHEREFORE, Plaintiff respectfully requests that this honorable court enter an

order in limine barring the Defense from eliciting any testimony, argument, evidence,

remark or innuendo with regard to the non-existence, deficiency or inadequacy of any fire

protection devices which were or should have been implemented at the subject building

at and prior to the time of the subject loss, including but not limited to, smoke detectors,

fire walls, fire stops, fire spread, and sprinkler systems.

Respectfully submitted
By its Attorneys,

**FALK METZ LLC**

Paul T. Falk
20 South Clark Street, Suite 1900
Chicago IL 60603
(312) 922-5800

Steven B. Stein, Esq.
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA  02110
(617) 772-2800


Dated:  November 9, 2007

## CERTIFICATE OF SERVICE

I, Paul T. Falk, hereby certify that on November _9th_, 2007, I served a true copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Robert A. Curley, Esq.
CURLEY & CURLEY P.C.
27 School Street
Boston, MA 02108
BBO #109180

Steven B. Stein, Esq.
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA  02110

Dated:  November 9, 2007

_____
Paul T. Falk