UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10075 PBS

OCEAN TERRACE CONDOMINIUM
TRUST,                    Plaintiffs

vs.

GENERAL ELECTRIC COMPANY
                          Defendant

**OPPOSITION OF DEFENDANT GENERAL ELECTRIC COMPANY TO PLAINTIFF'S MOTION IN LIMINE TO BAR ANY AND ALL REFERENCE TO THE NON-EXISTENCE OR ANY ALLEGED DEFICIENCY IN FIRE PROTECTION OR PREVENTION DEVICES OF ANY KIND AS IT PERTAINING TO THE SUBJECT BUILDING**

A.  **The Factual and Procedural Background**

Multiple witnesses including Fire Chief McKay and the Building Inspector William Sanborn as well as other have testified that the building in issue did not have a sprinkler system, that there were no fire stops in the cock loft where the concealed-space fire occurred and that the ability of the firefighters to extinguish the fire was hampered by the lack of adequate water pressure.

**B.  Arguments**

The witness testimony about the lack of sprinklers, the lack of fire stops and the lack of water pressure are all <u>facts</u> directly related to the concealed-space fire in issue, its progress and its ultimate extinction.  Evidence of these factors is relevant and admissible.

GE has not contended that the absence of fire stops or the lack of sprinklers are code violations and GE has not proposed to offer expert testimony to any such effect and does not propose to argue that the Plaintiff was negligent for not having sprinklers or fire stops.

The Plaintiff has attempted to create a straw man concerning expert testimony which GE has never sought to offer in order to obtain a broad and highly premature exclusionary order which would encompass basic and relevant information about the manner in which the building was constructed and the location and spread of the fire. The Plaintiff seeks to broadly preclude any reference to smoke detectors.  There will be evidence of the presence of smoke detectors in Unit 3A and of the fact that they were not sounding when the firefighters entered Unit 3A.

The relief sought by the Plaintiff addresses a non-existent issue concerning expert testimony GE has never proposed to offer.  The overly broad preclusionary relief sought by Plaintiff impermissibly seeks to interfere with the presentation of basis relevant facts.

## C. Conclusion

GE respectfully requests this court to decline to enter any broad preclusionary order barring the presentation of factual evidence in advance of trial. The testimony of the fact witnesses should be addressed during the trial. GE requests this court to deny Plaintiff's Motion in Limine.

Respectfully submitted,

GENERAL ELECTRIC COMPANY,
By its attorneys,

**CURLEY & CURLEY, P.C.**

Robert A. Curley, Jr., Esq.
BBO# 109180
27 School Street, 6th Floor
Boston, MA 02108
(617) 523-2990

Dated: 11/16/07

3

## CERTIFICATE OF SERVICE

I, Robert A. Curley, Jr., Esq., hereby certify that I served a true copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Paul T. Falk, Esq.
Falk Johnson LLC
20 South Clark Street
Suite 1990
Chicago, IL   60603

Steven B. Stein, Esq.
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA   02110

Ronald W. Harmeyer, Esq.
Falk Johnson, LLC
Bank One Plaza
111 East Wisconsin Avenue
Suite 1370
Milwaukee, WI   53202

_____
Robert A. Curley, Jr.

Dated: 11/16/07

4