UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 10075 PBS

OCEAN TERRACE CONDOMINIUM
TRUST,                    Plaintiffs

vs.

GENERAL ELECTRIC COMPANY
                          Defendant

**DEFENDANT GENERAL ELECTRIC COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO BAR ANY AND ALL REFERENCE OF COLLATERAL SERVICE PAYMENTS MADE BY TRAVELERS TO OCEAN TERRACE AND TO BAR ANY AND ALL REFERENCE TO TRAVELERS AT TRIAL**

I.  **Factual and Procedural Background**

As indicated in the Joint Pre Trial Memorandum Travelers Insurance Company ("Travelers") is the sole party in interest. The damages in issue are solely the amounts paid by Travelers. General Electric Company ("GE") has agreed on those amounts. There are no uninsured claims brought by Ocean Terrace Condominium Trust or any condominium owner. Those parties consciously elected not to bring claims against GE.

In this case the Plaintiff's expert Gordon Duquengy is a direct employee of Travelers, received substantial training from Travelers, and his duties are directly

related to trying to support claims such as the present claim on behalf of Travelers. He is paid by Travelers and takes direction from other Travelers employees. He was involved in the loss of critical evidence, namely, the materials which Travelers claim initially ignited, to the substantial prejudice of GE.

In this case, the Plaintiff's expert Evan Haynes is or was until recently a direct employee of Travelers. At all relevant times he was paid by Travelers and directed by other Travelers employees. He was involved in Travelers failure to preserve material evidence.

Travelers counsel was involved in this failure to preserve evidence. After the fire Travelers essentially owned the building.

The physical evidence which was preserved was stored, inspected and tested at the Travelers laboratory in Connecticut.

A substantial number of witnesses have testified about their interactions with Travelers representatives in the course of the fire investigation.

The Plaintiff's other experts Joseph Fallows and Scott Jones consult for Travelers on other matters and are paid by Travelers.

II.     **Argument**

   A.     **Travelers is the Sole Real Party in interest**

With limited exceptions, Fed. R. Civ. P. Rule 17(a) requires that, "Every action shall be prosecuted in the name of the real party in interest."

This court has previously compelled Travelers to sue in its own name as a subrogated insurer. <u>Agri-Mark, Inc. v. Niro, Inc.</u>, 190 F.R.D. 293 (D. Mass. 2000).

See also United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 382, 94 LE 171, 70 S. Ct. 207 (1940); Garrett v. Pettegrow, 224 F.R.D. 293 (D. Me. 2004).

In view of GE's agreement upon the damages in this case there is no likelihood that the mention of the name "Travelers Insurance Company" will have any impact on damages.

### B. Evidence of the Involvement of Travelers Insurance Company is expressly permitted by Fed. R. Evid. Rule 411

"Rule 411 Liability Insurance" states:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness

GE first notes that the insurance in issue is not liability insurance but property insurance. GE has no intention of suggesting in any way that Ocean Terrace Condominium Trust acted negligently because it had property insurance.

The direct employment by Travelers of Gordon Duquengy and Evan Haynes and the involvement of Travelers in the loss of material evidence is admissible with respect to bias, motive and prejudice.

The relationship of a witness to an insurance company is admissible to show interest, motive or bias. Eppinger & Russell Co. v. Sheehy, 24 F.2d 153 (5th Cir. 1928); Zanetti Bus Lines, Inc. v. Hurd, 320 F.2d 123 (205h Cir. 1963).

It was reversible error to exclude testimony concerning the employment of a witness by a party's insurer. Charter v. Chleborad, 551 F.2d 2246 (8th Cir. 1977).

3

In appropriate circumstances the relation of prospective jurors to involved insurance companies as proper subject for voir dire. Bass v. Dehner, 103 F.2d 28 (10th Cir. 1939).

In McDaniel v. Pickens, 45 Mass. App. Ct. 63, 66 695 N.E. 2d 215, 217 (1998) the court stated:

> Thus, evidence of liability insurance is firmly barred when offered in medical malpractice cases to prove that a defendant physician did or did not act negligently: this is because of the weakness of the inferential connection, (citations omitted). On the other hand, there is a clear right of litigants to attempt to prove bias in derogation of witnesses' testimony in malpractice as in other cases, see Dempsey v. Goldstein Bros. Amusement Co., 231 Mass. 461, 464, 121 N.E. 429 (1919); Commonwealth v. Ahearn, 370 Mass. 283, 286-187, 3346 N.E. 2d 907 (1976).

In Harris-Lewis v. Mudge, 60 Mass. App. Ct. 480, 803 N.E. 2d 735 (2004) evidence of life insurance was admitted in a wrongful death case with respect to issues of credibility.

In this case evidence of the involvement of Travelers and its direct employees whom Travelers elected to use as experts is admissible and inescapable with respect to issues of motive, bias, prejudice and the training, background and duties of the witnesses.

GE respectfully requests that Travelers motion in limine be denied.

### C. GE should not be required to refer to Travelers employees as person hived by Ocean Terrace

Ocean Terrace has no interest in this case. Ocean Terrace did not hire Travelers experts. Traveler's directly hired Gordon Duquengy and Evan Haynes's as direct employees and then directed them to work on this case. Travelers has hired Plaintiff's other experts on this case and other cases.

4

Traveler's suggestion that GE should refer to Plaintiff's experts as hired by Ocean Terrace would require GE to participate in a falsehood.

Ocean Terrace is a local condominium association. Travelers is a sophisticated global insurer with training, experience and resources specifically addressed to fire losses. The two entities are like apples and oranges.

### III. Conclusion

For the foregoing reasons GE respectfully requests this court to deny Plaintiff's Motion to Bar Any and All Evidence of Collateral Source Payments Made by Travelers to Ocean Terrace and to Bar Any and All Reference to Travelers at trial.

Respectfully submitted,

GENERAL ELECTRIC COMPANY,
By its attorneys,

**CURLEY & CURLEY, P.C.**

_____
Robert A. Curley, Jr., Esq.
BBO# 109180
27 School Street, 6th Floor
Boston, MA 02108
(617) 523-2990

Dated: 11/16/07

5

## CERTIFICATE OF SERVICE

I, Robert A. Curley, Jr., Esq., hereby certify that I served a true copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Paul T. Falk, Esq.
Falk Johnson LLC
20 South Clark Street
Suite 1990
Chicago, IL   60603

Steven B. Stein, Esq.
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA   02110

Ronald W. Harmeyer, Esq.
Falk Johnson, LLC
Bank One Plaza
111 East Wisconsin Avenue
Suite 1370
Milwaukee, WI   53202

_____
Robert A. Curley, Jr.

Dated:  11/16/07